**Augusta Robert HAYNES, Respondent,**

v.

**Leevirt WILLIAMS, replacing Peter W. Scott, Director of the Drivers License Unit, and the Department of Revenue, State of Missouri, Appellants.**

**No. 35658.**

Missouri Court of Appeals,
St. Louis District,
Division 4.

April 22, 1975.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Neil MacFarlane, Richard L. Wieler, Asst. Attys. Gen., Jefferson City, for appellants.

Dearing, Richeson, Roberts & Wegmann, Nicholas Gasaway, Hillsboro, for respondent.

ALDEN A. STOCKARD, Special Judge.

On November 30, 1971, Augusta Robert Haynes was involved in an accident with his automobile at the intersection of Highway 8 and Highway 21 in Washington County, Missouri. The accident was investigated by Trooper R. A. Mallery who made a report and issued a traffic violation ticket to Mr. Haynes for "failure to yield the right of way to approaching vehi-

cle" which was subsequently dismissed by the prosecuting attorney.

On February 14, 1972, the Director of Revenue, acting through the Supervisor of the Drivers' License Unit of the Department of Revenue wrote a letter to Mr. Haynes in which he stated that "Information received from competent authority, has given this office reason to believe that you may not be qualified to operate a motor vehicle safely upon the highways of this state. Therefore, in compliance with Section 302.291, Revised Statutes of Missouri, you are hereby notified that you are required to take the physical examination, and the driver examination as prescribed by Section 302.173, Revised Statutes of Missouri. You have thirty (30) days from the receipt of this letter in which to comply with this requirement." Mr. Haynes was also advised by the letter, among other things, that "Failure to appear or pass the above required examinations will result in an immediate revocation of your driving privilege and the recall of your driving license."

Mr. Haynes obtained a physical examination by Dr. Thomas A. Donnell, M.D., of DeSoto, Missouri, who concluded as the result of his examination that Mr. Haynes "is capable of operating a motor vehicle safely and responsibly, and [that he did] not find indications that this capability might be lost or impaired without warning."

A thirty day extension to take the driver examination was granted on March 10, 1972, but instead of reporting for a driver examination, Mr. Haynes filed suit in the Circuit Court of Washington County, and pursuant to his request the court granted a temporary restraining order in which the Supervisor of the Drivers' License Unit and the Department of Revenue were "ordered not to revoke the driving privilege of Augusta Robert Haynes . . . until the further order of this court made in this cause." Hereafter, when we use the term "Director" we refer to the Director of Revenue "acting direct or through his authorized officers and agents," § 302.010, RSMo 1969, V.A.M.S., which includes the Supervisor of the Drivers' License Unit.

In his petition Mr. Haynes alleged that the Director did not have good cause to believe he was not competent or capable to operate a motor vehicle safely on the highways, and specifically alleged he was competent and capable; that the actions of the Director are "unlawful and unreasonable; are not authorized by the statutes referred to, . . . and amount to a capricious and unlawful abuse of discretion and authority by [the Director]." It was further alleged that Mr. Haynes was entitled to advance notice of the Director's reasons for requiring that he take the examination and to a court adjudication of the fact that good cause does or does not exist.

On June 5, 1973, a trial was held at which evidence was presented concerning the then capability of Mr. Haynes to operate an automobile; his previous unblemished driving record except for the one accident on November 30, 1971; the result of the physical examination by Dr. Donnell; his age, which was then 85 years; the fact that the person operating the other automobile had, as the trial court found, a "deplorable driving record;" and that a civil suit arising out of that accident had resulted in a hung jury.

The letter to Mr. Haynes directing that he take a physical examination and a driver examination was sent pursuant to § 302.291, RSMo 1969, V.A.M.S., which provides as follows:

> The director, having good cause to believe that an operator or chauffeur is incompetent or unqualified to retain his license, after giving ten days' notice to such person in writing by registered mail directed to his present known address, may require him to submit to the examination provided by section 302.173. Upon conclusion of the examination the director may allow the licensee to retain his license, may suspend or revoke the li-

cense of the licensee or may issue to the examinee a license subject to restrictions as provided in section 302.301. The refusal or neglect of the operator or chauffeur to submit to such examination shall be ground for suspension or revocation of his license by the director, a magistrate or circuit court.

The one and only issue in this case that the trial court properly could review, and which is now before this court on appeal is "the discretionary action of the Director in finding that there was 'good cause' under §

302.291 for the order on [Mr. Haynes] to appear for examination." Wilson v. Morris, 369 S.W.2d 402, 407 (Mo.1963).

The person who was the Supervisor of the Drivers' License Unit, and acting for the Director at the time of the letter, dated February 14, 1972, made his determination to require an examination solely on the basis of a report sent to him from Troop C of the Missouri Highway Patrol, which in its parts material to the issue here was as follows:

DRIVER EXAMINER'S REPORT

Date   <u>December 29, 1971</u>

TO:        Operator and Chauffeur License Registration, Department of Revenue

FROM:     Missouri State Highway Patrol

Regarding:

            NAME   <u>Augusta Robert Haynes</u>

            ADDRESS   <u>Richwoods, Missouri</u>

            HO19–1158–9135–4678 [Although the report does not so state, this corresponds with the number of the operator's license then possessed by Mr. Haynes].

REASON FOR REPORT. Reason #11. Request cite for examination. Augusta Robert Haynes's son, Washington County Deputy Sheriff, Delbert Haynes, feels that his father is no longer physically able to drive safely and requests he be cited for the examination.

            On November 30, 1971, reporting officer worked a two car accident in which Augusta Haynes was involved. Reporting officer felt that subject's advanced years, reaction time and judgment were contributing factors in the accident.

            Request subject be cited for examination.

Reporting Officer <u>R. Mallery, Troop C</u>

            [Reason #11] Reporting officer has information or personal knowledge that subject may be physically or mentally unfit to operate a motor vehicle. Request cite for examination. Details above.

APPROVED: January 10, 1972.

/s/ W. A. Dolan, Captain, Troop C.

---

The person who signed the letter to Mr. Haynes testified that he had been supervisor about four years, but had worked in the unit about ten years, and that he had "found that these people [the Highway Patrolmen] are reliable and normally the information we receive is adequate; and the result of the examinations have proven that they were using good judgment in their reporting." The Supervisor did not

see the report made by Trooper Mallery concerning the accident in which Mr. Haynes was involved on November 30, 1971, and he did not examine the driving record which was on file in his office of the other person involved in the accident.

The trial court based its judgment, in part, as shown by its findings of fact, on matters outside of the only issue properly before the court. Such findings included the following: "That the moving violation ticket issued by the trooper was dismissed in the Magistrate Court of Washington County and that the civil litigation arising from such litigation resulted in a mistrial because of the inability of the jury to agree."

■ We consider the hearsay statement of Patrolman Mallery that Delbert Haynes "feels" that his father is no longer physically able to drive safely to be entitled to no weight to support the action taken by the Director as an exercise of discretion on his part. To approve as valid an exercise of discretion based on such a ·hearsay conclusion would make a mockery of any requirement that the Director have "good cause to believe." We do not hold, nor do we imply, that in making such a report to the Director a member of the Highway Patrol, or any other peace officer, cannot include therein, and the Director consider, reports or complaints of others when factually set forth, and when such facts would entitle a reasonable person to have good cause to believe that a person is "incompetent or unqualified" to operate a motor vehicle safely on the public highways. But the statement that some person "feels" that another is not competent, without any supporting facts whatever, cannot constitute good cause for the Director to believe that person is incompetent or unqualified to retain his operator's license.

■ The only other information before the Director was the statement of Trooper Mallery that he had on November 30, 1971 (twenty-nine days earlier) "worked a two car accident" in which Mr. Haynes was in-

volved, and that he "felt" that his advanced years, reaction time and judgment were contributing factors in the accident. No facts whatever are stated to support any of these· conclusionary statements, except the age of Mr. Haynes, which standing alone disclosed no basis of imparting "good cause to believe" on the part of the Director. The trooper did not witness the accident so the statement, as far as shown by the report, was not based on what he had seen Mr. Haynes do or not do.

■ We point out here, and emphasize, that § 302.291 provides that it is when "The director" has good cause to believe that an operator is incompetent or unqualified, that he may require the operator to submit to an examination. The authority to exercise the discretion is in "the director;" not in members of the Highway Patrol, or in some other peace officer or person. This statute is, as stated in Schuiling v. Scott, 493 S.W.2d 4 (Mo.App.1973) in reference to other sections of Chapter 302, RSMo 1969, V.A.M.S., "quasi-penal and tend[s] to suspend or permit a forfeiture of a citizen's driving privileges," and therefore the burden of proving that conditions exist to authorize the action taken "falls heavily on the Director of Revenue."

The Director is entitled to rely on official reports of the Highway Patrol or other officials when those reports set forth *facts* from which a reasonable person could believe he should exercise the discretion granted to *him* by § 302.291, but that section does not contemplate that the Director should take the action there authorized when he is advised of no more than that someone else "feels" or that someone has "felt" that good cause exists.

■ From the other evidence in the record, we do not hesitate to add that a report setting forth the *facts* could have been submitted which would have constituted the "good cause to believe" as contemplated by § 302.291. But, whether the Director abused his discretion in this case turns on what was before him and what he consid-

ered, and not on what could have been presented to him.

The judgment of the trial court was that the Director be "permanently enjoined from citing plaintiff for any examination." We consider that judgment to be too broad. It should call for no more than that the Director be enjoined from requiring Mr. Haynes to submit to the examinations provided for in § 302.291 by reason of the information presented to him and relied on by him in issuing the order set forth in his letter of Feberuary 14, 1972.

The judgment is reversed and the cause remanded with directions for the entry of a new judgment in conformity with the views here expressed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.