**Alexander J. BOPP, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43392.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1981.

David J. Rauscher, Clayton, for appellant.

George Westfall, Pros. Atty., James Baker, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

The state's department of revenue suspended Alexander J. Bopp's drivers license for one year. On Bopp's appeal the circuit court upheld the suspension.

Mr. Bopp now appeals, first contending the state's evidence was conclusory and did not constitute good cause to show he was an incompetent driver. And, based on this alleged absence of good cause Mr. Bopp contends there was no ground for the director to order him to re-take the drivers examination.

The gist of the state's evidence before the state drivers license bureau came from the official report of Kirkwood's patrolman, Diana M. Seanga, who was monitoring traffic on six-lane Manchester Road. She saw Mr. Bopp driving east but in the center lane for west-bound traffic. Other cars both east-bound and west-bound were able to dodge the Bopp car as it moved slowly from lane to lane. Finally, responsive to officer Seanga's red lights and siren, Mr. Bopp pulled to the curb and stopped.

At the curb officer Seanga saw that the driver's side of the windshield of Bopp's car was covered by a sheet of plywood 12 inches high by 24 inches wide tucked under the windshield wipers. Asked the reason for this Mr. Bopp said he put it there because neighborhood kids had tried to steal his windshield. Asked why he hadn't taken it off when driving, Mr. Bopp said he was only driving two miles, so he had left it on. Officer Seagna issued a summons for careless and imprudent driving and released Mr. Bopp. A few minutes later officer Seagna again saw Mr. Bopp driving westward,

again straddling the lane divider and then moving from side to side for passing cars.

Pursuant to § 302.291, the director ordered Mr. Bopp to submit to re-examination for a drivers license. Although tested four times Mr. Bopp failed each time. Thereupon, the director revoked Mr. Bopp's drivers license. This appeal followed; we affirm.

As said, Mr. Bopp contends officer Seanga's report was conclusory rather than factual. We disagree. As held in *Weathers v. Falstaff Brewing Corp.*, 403 S.W.2d 663[6–9] (Mo.App.1966), to fulfill his statutory duty to exercise the highest degree of care at all times and to keep a careful and vigilant lookout, a motorist is required to look in such an observant manner as to enable him to see that which a person in the exercise of the highest degree of care would be expected to see, and he must be held to have seen what looking would have revealed. The report is replete with facts showing several specific violations of those rules of the road endangering other drivers and their vehicles. Under § 302.291 RSMo. 1978 this constituted "good cause" to believe Mr. Bopp was an incompetent driver.

Last, Mr. Bopp contends the court erred in admitting records of his four failures to pass a driving test. § 302.291 supra provides that if the director has good cause to believe a driver is incompetent—as we have held he did—the director may require him to submit to the drivers examination provided by § 302.173, RSMo.1978. There was no error in admitting the driving test failures.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.