Paul SCHENK, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 54904.

Missouri Court of Appeals, Eastern District, Division One.

March 14, 1989.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

John C. Slavin, Farr and Hickman, Kirksville, for respondent.

CRIST, Judge.

Director of Revenue (Director) appeals from a final order of the circuit court of Scotland County which, after trial de novo, set aside the revocation of respondent's (driver) driver's license. Driver, a seventy-eight-year-old man, was cited in for the driver's examination pursuant to § 302.291, RSMo 1986, and was unable to pass the examination on three attempts. We reverse.

We view the facts favorable to the judgment. Driver was cited in for the drivers skills test following an accident on October 1, 1987. While driver was operating his car, it moved forward out of a parking area, over a sidewalk and struck the outside brick wall of a building, causing cracks in the mortar and knocking several bricks loose. Driver backed away from the building and drove away. The investigating police officer pulled driver over about one hour later, and when questioned, driver said he was unaware he had run into the building.

The police officer filed a report with Director, in which he indicated that driver had no knowledge that he had run into the building. The police officer also noted he had observed driver driving erratically, weaving, crossing the centerline and making improper lane changes and turns. Based on this report, Director informed driver he was required to take and pass the driving skills test by November 15, 1987.

Driver attempted and failed the driving skills test three times. The Highway Patrol submitted their report of the scores to the Director, within which they indicated they would not administer further tests to driver unless requested by Director. The Director then notified driver by mail that his license was revoked for one year, effective December 4, 1987. Thereafter, driver filed a petition for trial de novo.

Driver testified he had prostate surgery in October 1986, from which he suffered extensive complications which necessitated several corrective surgeries. Most of these were performed in 1987, the final operation in January of 1988. Driver said his condition had greatly affected his strength and stamina.

After the final surgery in January of 1988, driver's condition improved. At the time of the trial, April 22, 1988, he was feeling much better, with improved strength and stamina. Driver said the October 1 accident had occurred because his floor mat had slipped and prevented his foot from hitting the brake. At that time, he was experiencing a great deal of pain from the prostate complications and was weak.

In December of 1987, following the Director's order of revocation, driver's driving abilities were observed by a certified driver's education instructor. The instructor testified he had observed driver drive a similar course and perform the same operations as used to test drivers when obtaining a license. Instructor's opinion was that driver drove nice and smooth and was competent to operate a motor vehicle. The instructor did not believe driver was a hazard to other motorists; however, driver was not aware of many of the technical rules of the road.

After trial de novo, the circuit judge found driver was competent to operate a motor vehicle, and ordered the revocation of driver's license be rescinded. The judge further ordered driver to complete five hours of driver education instruction from a driver's education instructor within thirty days of receiving his license, and then annually thereafter.

At trial de novo, driver did not seem to contest that Director had good cause to cite driver in for an exam. Nor did he question the propriety of the State Highway Patrol in failing driver on each of his three attempts at the driving exam. Driver's contention was he was competent to drive at the time of the trial de novo.

Section 302.291, RSMo 1986, provides that the director may require an operator, upon good cause to believe he is incompetent to operate a motor vehicle, to submit to the driver's examination. "Upon conclusion of the examination the director may allow the licensee to retain his license, may suspend or revoke the license of the licen-

see, or may issue to the examinee a license subject to restrictions provided in section 302.301." § 302.291, RSMo 1986. The only issues for the trial court's review were whether Director had good cause to require driver to submit to an exam, and upon exam, the propriety of the actions of the highway patrol in administering the exam, and the propriety of the director's final decision on the status of driver's license. § 302.311, RSMo 1986; *Wilson v. Morris,* 369 S.W.2d 402, 407[8, 9] (Mo.1963). Driver's assertion that he became competent to drive subsequent to the revocation of his license by Director was not a proper issue for the circuit court.

JUDGMENT REVERSED.

CRANDALL, P.J., and REINHARD, J., concur.