Anna May SINGER, Appellant,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

No. 15929.

Missouri Court of Appeals,
Southern District,
Division One.

June 2, 1989.

Dan K. Purdy, Osceola, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

This case involves the revocation of the motor vehicle operator's license of an 83 year-old woman, Anna May Singer. On December 3, 1987, in a one-car minor motor vehicle accident at the intersection of Eighth and Bodine Streets in Clinton, Missouri, an automobile driven by Mrs. Singer left the travelled portion of the road and struck a manhole. The investigating police officer, Gary Long, stated as follows: "Reporting Officer was dispatched to Eighth and Bodine Street reference an accident. Upon arrival, reporting officer observed above named person (Mrs. Singer) to be lost. Also the above named person had very poor eye site [sic] and could not see what she was doing. She thought she was still on the street when indeed she had gone across Eighth Street up a slight embankment and hit a fixed object." A copy of the report was filed with the Missouri Department of Revenue Drivers License Bureau.

Based upon the information contained in the report, the supervisor of the License Issuance Section of the Drivers License Bureau, on December 14, 1987, wrote Mrs. Singer and told her that he had received information (the report) which reflected on her ability to operate a motor vehicle, and that under the authority granted by §§ 302.173 and 302.291, RSMo, Mrs. Singer was required to submit to a vision examination and take a road test. Mrs. Singer was able to pass the vision test with the aid of eye glasses, but failed the road test. A list of her deficiencies is as follows:

1. Staring [sic]—failed to release emg. brake and check traffic before backing out of angle parking.

2. Failed to check traffic before stopping. Looked straight forward while backing. Had to stop vehicle and pull forward to straighten vehicle in her lane.

3. Refused to attempt parallel parking.

4. Parking on grade—failed to turn wheel and was to [sic] far from curb.

5. Starting on grade—lost control of vehicle. Rolled across street.

6. Ran stop sign.

7. Controls speed of vehicle with clutch and brake.

8. Fails to check traffic at unmarked intersections.

9. Lane usage—straddles lanes.

10. Bad left turns.

Mrs. Singer's operator's license was then revoked by the Bureau for failure to pass the driving skills test.

Mrs. Singer then petitioned the Circuit Court of St. Clair County, Missouri, for review, contending that the director did not have good cause to revoke her license. After hearing evidence, the trial court ruled the director had good cause to order Mrs. Singer to take a road test and that, since she failed it, the director's action in revoking her license was proper. This appeal followed.

In her two points raised on appeal, Mrs. Singer contends that (1) the director had no jurisdiction to order her to take a drivers skill test before the renewal date of her license, which was November 18, 1989, and (2) the director had no good cause to order the test because the only evidence before him was hearsay, in that the officer's report was based upon conclusions, not on facts.

The director's decision to order the vision and driving skills test was based on § 302.291, which reads as follows:

The director, having good cause to believe that an operator, or chauffeur is incompetent or unqualified to retain his license, after giving ten days' notice to such person in writing by registered mail directed to his present known address, may require him to submit to the examination provided by section 302.173. Upon conclusion of the examination the director may allow the licensee to retain his license, may suspend or revoke the license of the licensee, or may issue to the examinee a license subject to restrictions as provided in section 302.301. The refusal or neglect of the operator or chauffeur to submit to such examination shall be ground for suspension or revocation of his license by the director, a magistrate or circuit court.

The pertinent portion of § 302.173 which refers to the driver's examination described in § 302.291 reads as follows:

The examination shall be made available in each county. Reasonable notice of the time and place of the examination shall be given the applicant by the person or officer designated to conduct it. The complete examination shall include a test of the applicant's natural or corrected vision as prescribed in section 302.175, his ability to understand highway signs regulating, warning or directing traffic, his practical knowledge of the traffic laws of this state, and an actual demonstration of ability to exercise due care in the operation of a motor vehicle. When an applicant for a license has a valid license from a state which has requirements for issuance of a license comparable to the Missouri requirements, the director may waive the requirement of actual demonstration of ability to exercise due care in the operation of a motor vehicle. If the director has reasonable grounds to believe that an applicant is suffering from some known physical or mental ailment which ordinarily would interfere with the applicant's fitness to operate a motor vehicle safely upon the highways, he may require that the examination include a physical or a mental examination by a licensed physician of the applicant's choice, at the applicant's expense, to determine the fact. The director shall prescribe regulations to insure uniformity in the examinations and in the grading thereof and shall prescribe and furnish all forms to the members of the highway patrol and to other persons authorized to conduct examinations as may be necessary to enable the officer or person to properly conduct the examination. The records of the examination shall be forwarded to the director who shall not issue any license hereunder, either as a chauffeur or as a motor vehicle operator, if in his opinion the applicant is not qualified to operate a motor vehicle safely upon the highways of this state.

Mrs. Singer's attorney would have us believe that the statute only allows the director to order a driver who the director has good cause to believe is incompetent to operate a motor vehicle, to take a drivers test when that person's operator's license expires. There is no basis for such theory.

The basic rule of statutory construction is to ascertain the true intent of the legislature, which intent is gauged by the objective the legislature wishes to attain. *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985). It is apparent from the language of the statute that the legislature intended to provide a method for removing dangerous drivers from the public highways by requiring the driver to submit to an examination when good cause exists to believe such driver is unqualified or incompetent to operate a motor vehicle. There is no language in the statute that limits the director's authority to order the examination to a period of time after an operator's license has expired. The interpretation Mrs. Singer's attorney urges us to make is contrary to reason and common sense, since it could allow incompetent drivers to continue to drive and to endanger their own lives and those of others until their license expired or was due for renewal.

A statute is not to be interpreted to produce an absurd result. *State ex rel. ISC Financial Corp. v. Kinder*, 684 S.W.2d 910, 914 (Mo.App.1985). The statute means what it says, which is that at *any* time the director has good cause to believe that a person licensed to operate a motor vehicle has, for any reason, become incompetent to operate a motor vehicle, the director may order that person to take a vision and driving skills test. The point has no merit.

Mrs. Singer's second point relied on is that Officer Long's report merely contained conclusions drawn by the officer instead of facts from which the director could determine that good cause existed to require her to take a driver's examination. *Haynes v. Williams*, 522 S.W.2d 623, 627 (Mo.App.1975), holds that the director is entitled to rely on official police reports that set forth facts from which a reasonable person could believe that he should exercise the discretion granted him by § 302.291.

Here, the officer's report stated that Mrs. Singer had poor eyesight, that she could not see what she was doing, that she was lost, and that she believed that her automobile was still on the street when, in fact, she had driven it across the street and up an embankment where she hit a fixed object. Officer Long's report contained a descriptive account of his observation of Mrs. Singer and her behavior after he arrived at the accident scene. "When a witness has personally observed events, he may testify to his 'matter of fact' comprehension of what he has seen in a descriptive manner which is actually a conclusion, opinion, or inference, if the inference is common and accords with the ordinary experiences of everyday life." *State v. Morrow*, 541 S.W.2d 738, 742 (Mo.App.1976).

Mrs. Singer's operation of her automobile at the time and place in question, as reported by Officer Long, constituted facts from which the director had good cause to require that she take the driver's examination. The point has no merit.

Judgment affirmed.

HOLSTEIN, C.J., and CROW, P.J., concur.