Richard E. TROTTER, Plaintiff–Respondent,

v.

Duane BENTON, Director of Department of Revenue, the State of Missouri, Defendant–Appellant.

No. 17358.

Missouri Court of Appeals, Southern District, Division One.

July 22, 1991.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Special Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Dale E. Nunnery, Swindle and Nunnery, Doniphan, for plaintiff-respondent.

PREWITT, Presiding Judge.

Defendant gave notice to plaintiff under § 302.291, RSMo Supp.1989, requiring him to submit to an examination of his ability to operate a motor vehicle. That section is set out below.[1]

Plaintiff did not pass the test and his driving privileges were revoked. He thereafter petitioned the circuit court to reverse defendant's order and order defendant to reinstate plaintiff's driving privileges.

Following nonjury trial, the trial court found that defendant lacked "good cause" to order the examination as "the report forwarded to the Department of Revenue, upon which the Director based his decision to require the petitioner to submit to a driver's examination, failed to state any facts from which the Director could reasonably find good cause to believe that the Petitioner was incompetent or unqualified to retain his driver's license". The court ordered the defendant to set aside the order revoking plaintiff's driver's license and to restore it. Defendant appeals.

■ Review is under Rule 73.01(c). As that rule is interpreted, this court is to sustain the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.

---

1. **Director may require examination, when.**— The director, having good cause to believe that an operator is incompetent or unqualified to retain his license, after giving ten days' notice to such person in writing by registered mail directed to his present known address, may require him to submit to an examination as prescribed by the director. Upon conclusion of the examination, the director may allow the licensee to retain his license, may suspend or revoke the license of the licensee, or may issue to the examinee a license subject to restrictions as provided in section 302.301. The refusal or neglect of the operator to submit to such examination shall be ground for suspension or revocation of his license by the director, an associate circuit or circuit court.

*Thomas v. Depaoli,* 778 S.W.2d 745, 747 (Mo.App.1989).

In questioning a director of revenue proceeding under § 302.291, RSMo Supp. 1989, the only issues for court review are whether the director had good cause to require the driver to submit to the examination, and upon the examination the propriety of the actions of the highway patrol in administering the exam, and the propriety of the director's final decision on the status of the operator's license. *Schenk v. Director of Revenue,* 766 S.W.2d 481, 483 (Mo.App.1989).

The question here is one of law regarding the adequacy of the basis for the director's determination that good cause existed for the examination. It turns on a written report by a police officer at Poplar Bluff. The issue is whether the report constitutes sufficient good cause. Consequently, we review only to determine if the trial court properly declared or applied the law in that regard.

The director is entitled to rely on official reports of the highway patrol or other officials in determining good cause when those reports set forth facts from which a reasonable person might believe he could exercise the discretion granted him. *Haynes v. Williams,* 522 S.W.2d 623, 627 (Mo.App.1975). A report showing several specific violations of rules of the road which endanger other drivers and their vehicles constitutes "good cause" under § 302.291. *Bopp v. State,* 617 S.W.2d 100, 101 (Mo.App.1981).

Here, the report showed three violations in a short period, any one of which could result in a serious collision. The report stated:

"Suspect [plaintiff] was observed driving the wrong way on a one-way St., he then rolled through a stop sign and failed to yield".

One isolated violation of traffic laws alone may not be sufficient for the director to have good cause to believe that the operator is incompetent or unqualified. A competent, qualified driver can have a momentary lapse. Three violations in a short period, appearing to be almost successive, is sufficient good cause to order the examination.

The judgment is reversed and the cause remanded to the trial court with directions that it enter an order denying plaintiff the relief sought.

CROW and PARRISH, JJ., concur.

