**Joseph L. BURDITT, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. 72371.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 17, 1998.

GRIMM, Presiding Judge.

Following a vehicle accident in which a pedestrian was killed, the investigating highway patrolman filed a report with the Director of Revenue concerning the driver's condition. *See* sections 302.173 and 302.291, RSMo 1994.* The director ordered driver to take a vision examination and a driving skills test. Driver took the vision examination, but then filed a petition under section 302.311 alleging there was no good cause for him to submit to a driving skills test or examination.

The trial court found director did not have good cause to require driver to submit to a driving skills test and enjoined director from revoking his driving privileges. Director appeals, claiming good cause existed. We agree and reverse.

## I. Background

The question for our determination is whether the director had good cause to require driver to take the test and examination. Thus, we state the evidence that was before the director at the time she issued her order.

The afternoon of July 28, 1996 was clear and sunny. Around 4 o'clock, a 36–year old man and his son were walking along the west edge of a 22–foot wide asphalt county road. Driver was traveling in the same direction as the pedestrians. At this point, the road runs generally north and south and is straight for quite a distance with no view obstructions.

According to a witness who was about a block behind driver and following him, driver "was in the middle of the blacktop. It looked like he went clear to the edge of the road. He was going approximately 35 miles an hour. I noticed the vehicle swerve to the west side of the road. I seen a man go about 15 feet in the air." There was no oncoming traffic.

The pedestrian's son apparently was walking behind him. The son said, "we was walking along the edge of the road and [driver] came driving by and I started screaming, 'Dad.' All I saw was dad flying over the top of the vehicle."

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Nelson Zacharias, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Charles L. Hickman, Hannibal, for respondent.

* All statutory citations are to RSMo 1994.

Driver was 60 years old at the time of the accident. He is visually impaired and wears very thick glasses. He said that as he was driving down the road, he "didn't see him. He must have been walking away from me. I was in the driving lane. He had to be on my right headlight. I remember hearing a thud and then he was on my windshield."

## II. Good Cause

Director's sole point alleges the trial court erred in enjoining her from taking a revocation action against driver. She contends she "had good cause to require that [driver] submit to a driving skills test, and [driver] failed to submit to such testing."

Section 302.291 permits the director to require a motor vehicle operator to submit to an examination if she has "good cause to believe that an operator is incompetent or unqualified to retain his license." Director is entitled to rely on official reports of the highway patrol or other officials in determining good cause when those reports set forth facts from which a reasonable person might believe she could exercise the discretion granted her. *Trotter v. Benton*, 811 S.W.2d 865, 867 (Mo.App. S.D.1991).

The question presented for our review is one of law regarding the adequacy of the basis for director's determination that good cause existed for the examination. *Id.* As such, we will not consider evidence that was not available to her when she made the good cause determination. *See, generally, Schenk v. Director of Revenue*, 766 S.W.2d 481, 483 (Mo.App. E.D.1989) (assertion that licensee became competent to drive subsequent to the revocation of his license not proper issue for determining good cause).

At the outset, we note that driver's brief argues we should not consider any of the information contained in the reports prepared by the highway patrol officer. He argues that director presented no evidence at trial that she actually considered the reports when making the good cause determination. We disagree.

First, the case law establishes that reports such as those at issue are relevant evidence to be considered in good cause de-

terminations under section 302.291. *Trotter*, 811 S.W.2d at 865; *Haynes v. Williams*, 522 S.W.2d 623, 627 (Mo.App. E.D.1975). Also, director's answer states "based upon the [reports, director] had good cause to believe [driver] was and is incompetent or unqualified to retain his license ...." (emphasis added). Further, the driver condition report, which was incorporated with director's answer, states it is submitted for consideration as good cause under section 302.291. Finally, the reports were admitted into evidence without objection. Therefore, we consider the reports in our review of whether director had good cause.

The reports disclose that driver was a 60 year old man. He was visually impaired and wearing thick glasses at the time of the accident. Driver acknowledged that he did not see pedestrian or son as they were walking along the road. Also, driver swerved his vehicle from the middle of the road to the west edge, thus striking pedestrian. Further, the reports disclose driver hit pedestrian in the afternoon of a clear day on a straight portion of the road. There was no oncoming traffic, and nothing in the reports indicates driver was distracted by any other vehicle or anything else. Pedestrian was killed as a result. Under these circumstances, we find that director had good cause to have driver submit to a vision examination and driving skills test.

The trial court's judgment finding director did not have good cause and enjoining her from revoking driver's driving privileges is reversed. Driver is granted fifteen days from the date of the mandate to take the vision examination and driving skills test. If within that time, driver does not submit the results of a vision examination satisfying the requirements of section 302.175 and does not successfully pass the driving skills test, director may revoke his driving privileges for one year.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.