Victor B. CUNNINGHAM, Respondent,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Appellant.

No. WD 54451.

Missouri Court of Appeals,
Western District.

March 24, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Allan Seidel, Trenton, for respondent.

HANNA, Judge.

The director of revenue appeals from an order entered in the Circuit Court of Grundy County. The circuit court ordered, based upon stipulation of the parties, that the director should issue to the respondent, Victor B. Cunningham, an operator's license which permits him to operate a motor vehicle under certain circumstances. We reverse.

Mr. Cunningham was involved in a one-vehicle accident. He was 82 years of age when he drove off the right side of the road and destroyed 150 feet of farm fence. He then drove from the scene. Six blocks away, his pickup truck became stuck on a dirt road. Mr. Cunningham left the vehicle and was found walking along a street in Galt, several blocks from his pickup truck. When questioned about the accident by the police officer who found him, he did not remember the accident or where he had left his pickup truck. He appeared confused and disoriented.

Subsequently, the director sent a letter to Cunningham, dated March 28, 1996, notifying him that he was required to complete a driving skills test by April 27, 1996. Section 302.291 [1] gives the director the authority to request that a driver take a driving skills test. It states that "[t]he director, having good cause to believe that an operator is incompetent or unqualified to retain his license, ... may require him to submit to an examination prescribed by the director." *Id.* The director explained in the letter that if he failed to take the test by that date, or if he did not pass the test, his driving privileges would be revoked for a period of one year. The letter also informed Cunningham that he had " thirty days to file an appeal concerning the Director's decision to require you to take the driving skills test. The appeal must be filed in the Circuit Court of your county of residence in accordance with the provisions of Section 302.311 of the Revised Statutes of Missouri."

On April 26, 1996, the day before Cunningham was to submit to the driving skills test, he filed a petition for review with the circuit

1. All references will be to the Missouri Revised Statutes, 1994 and Vernon's Annotated Missouri Rules, unless specified otherwise.

court in Grundy County. He did not take the driving skills test on the scheduled date of April 27, 1996. On April 29, 1996, the circuit court entered a temporary restraining order directing the director to reinstate Cunningham's driving privileges until such time as the circuit court had an opportunity to hear the matter.[2]

A year later, on April 29, 1997, the circuit court entered an order (which was filed on May 1, 1997) pursuant to stipulation of Cunningham and the Grundy County prosecuting attorney, ordering the director to issue Cunningham a restricted driving license. This license permitted him to operate a motor vehicle between his two farms in Grundy County and, in case of an emergency medical situation, to transport his wife to and from the doctor or hospital.

The director claims that the circuit court erred in assuming jurisdiction over this matter pursuant to § 302.311. Section 302.311 states that:

> In the event that an application for license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence ... for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension, or revocation by the director, set aside or modify the same, or revoke such license.

*Id.* The director asserts that the court lacked subject matter jurisdiction to issue the order because § 302.311 provides for judicial review and a trial de novo, only *after* the director of revenue suspends or revokes a driving license or denies or withholds an application for license. In this case, the director claims that she took no such action,

but rather, simply notified Cunningham that he would be required to complete a driving skills test.

Mr. Cunningham counters that the circuit court did have subject matter jurisdiction, pursuant to § 302.311, in that he had been informed that the director would revoke his driving license for one year if he failed to take the driving skills test.

As an initial matter, it should be noted that the circuit court's "order" may not be appealable pursuant to § 512.020 and Rule 74.01(a). The Missouri Supreme Court held in *City of St. Louis v. Hughes* that § 512.020 requires a final judgment for appeal, not just an "order of the trial court." 950 S.W.2d 850, 853 (Mo. banc 1997). Rule 74.01(a), which was amended in 1995, defines a judgment as a "writing signed by the judge and denominated 'judgment.'" As such, the court found that the rule "establishes a 'bright line' test as to when a writing is a judgment," and it "must be clear from the writing that the document or entry is being 'called' a 'judgment' by the trial court." *Id.*

The director acknowledges that the document which contains the trial court's determination now on appeal is denominated an "order," both on the document itself and in the court's docket entry, and therefore may not be appealable. Thus, the director asks that if we determine that the issue is not appealable, it requests that we enter an order remanding the case to the circuit court for an entry of judgment pursuant to Rule 74.01(a). However, as discussed *infra*, the circuit court did not have subject matter jurisdiction and its "order" is a nullity. *See Miller v. Director of Revenue*, 871 S.W.2d 648, 649 (Mo.App.1994) (citations omitted).

Mr. Cunningham sought judicial review of the director's decision "that his license would be required to be surrendered unless he successfully completed a [driving] skill[s] test" and that "petitioner has a right to request an appeal of said decision and to request a hearing pursuant to § 302.311 be-

---

**2.** There is no evidence in the record that the director ever acted to revoke Cunningham's li-

cense, and neither party contends as much on appeal.

fore [the circuit] court." Section 302.311 states that "in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence ... for the review of administrative decisions at any time within thirty days *after* notice that a license is denied or withheld or that a license is suspended or revoked." *Id.* (emphasis added).

Missouri courts have ruled that the circuit court has no subject matter jurisdiction under § 302.311, until the director has actually denied an application for a license after a third offense of driving while intoxicated. *Adkisson v. Director of Revenue,* 891 S.W.2d 131, 132–133 (Mo. banc.1995). In *Adkisson,* the Missouri Supreme Court ruled that during a period of revocation "no justifiable controversy exists as to whether a driver may be denied a license" under the statute that allows the director to deny a license for multiple DWI convictions.[3] *Id.* at 132 (citations omitted). The court found that the statutory scheme allows for review, under § 302.311, only *after* the director denies the aggrieved party an application for a license. *See id.* at 133.

In the *Adkisson* case, the statute under which the director was acting did not grant the circuit court subject matter jurisdiction to hear a dispute regarding the director's decision to suspend the driver, *see* § 302.060(9), rather, the statutory scheme was that § 302.311 allowed an aggrieved driver to seek review. *Adkisson,* 891 S.W.2d at 133. The director argues that the circuit court here does not have jurisdiction because § 302.311 requires that the director has acted to revoke or suspend a party's driving license, and she has not done so.

Conversely, Cunningham contends that the circuit court did have jurisdiction because he was informed that he would lose his driving privileges for one year if he failed to take the test. Cunningham refers us to *Haynes v.*

*Williams,* in which the aggrieved driver filed suit with the circuit court prior to the scheduled date of his driving skills test. 522 S.W.2d 623 (Mo.App.1975). The appellate court ultimately ruled that the circuit court's judgment was too broad because it permanently enjoined the director from *ever* requiring the driver to submit to an examination. *Id.* at 628. Cunningham argues that *Haynes* supports his position that the circuit court had jurisdiction to determine whether the director had good cause to require the driver to submit to an examination, regardless of whether the date of suspension for failure to take the test had passed.

The *Haynes* court determined that it is within the circuit court's discretion to determine whether the director had "good cause" to believe that a driver is incompetent, and therefore subject to an examination of his driving skills pursuant to § 302.291. *Id.* at 627. *See also Wilson v. Morris,* 369 S.W.2d 402, 407 (Mo.1963)(holding that the circuit court properly reviewed the discretionary action of the director in finding there was "good cause" under § 302.291).

In this matter, however, it is clear that the trial court, as well as the attorneys, were acting under the assumption that the court was reviewing the director's pending decision regarding Cunningham's driving privileges, not whether the director had good cause to require a driving skills test. This is confirmed by the trial court's final order which, upon stipulation of the parties, orders the director to issue Cunningham a license with certain driving restrictions.

The plain language of § 302.311 precludes the trial court's authority to review the director's decision regarding Cunningham's license until *after* the license was suspended, revoked, or an application for a license was denied or withheld. *Adkisson,* 891 S.W.2d at 132–133. The fact that Cunningham had been informed that he would lose his license if he failed to take the test is not material

---

**3.** The revocation, which was not being appealed, was based on the fact that the driver had accumulated more than four points in a twelve month period and, due to the assessment of twelve points within a year, his driving privileges were revoked. *Adkisson,* 891 S.W.2d at 132.

because § 302.291 provides that failure to take the test is *grounds* for revocation. The provision leaves a measure of discretion with the director as to what action to take. The revocation of the license, immediately upon the driver's failure to appear for the test, is not automatic. *See Wilson*, 369 S.W.2d at 406–407.

The trial court lacked the jurisdiction to enter the order reinstating Cunningham's license.[4] The decision of the circuit court is reversed.

LOWENSTEIN, P.J., and BRECKENRIDGE, J., concur.

---

4. Cunningham also argues that: (1) the director conceded that § 302.311 allows Cunningham to seek review of its decision to require him to take a driving skills test by the clear language of its initial notice, and (2) by failing to raise the jurisdictional issue to the circuit court, the same was conceded to by the director. However, "[s]ubject matter jurisdiction cannot be conferred by waiver, by consent, or by confession of judgment." *Miller v. Director of Revenue*, 871 S.W.2d 648, 649 (Mo.App.1994) (citations omitted).