Morris POUS, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 56081.

Missouri Court of Appeals,
Western District.

June 30, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 31, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Michael Joseph Gunter, Kansas City, for respondent.

Before PATRICIA BRECKENRIDGE, C.J., HAROLD L. LOWENSTEIN, Judge and JOSEPH M. ELLIS, Judge.

PER CURIAM.

On December 17, 1997, the Director of Revenue (Director) notified Morris Pous by mail that his driver's license would be revoked for a period of one year unless he submitted to and passed a driving skills examination by January 16, 1998. The

basis for Director's action was a "Driver Condition Report," dated November 20, 1997 and initiated by a Judge D. Neal, which noted that Pous, then age eighty-three, had incurred traffic citations and had caused a traffic accident on July 24, 1997. The report noted that the judge granted Pous's request to take an oral examination. A second notification was sent to Pous on January 2, 1998.

During January 1998, Pous apparently attempted and failed the driving skills examination. As a result, notification was mailed to Pous on January 29, 1998 that his driving privileges were revoked for a period of one year pursuant to § 302.291,[1] effective March 2, 1998. On February 26, 1998, Pous filed a petition for review in the Circuit Court of Jackson County, Associate Division. He alleged Director failed to give him ten days' notice in writing by registered mail of the reasons for requiring him to take the road examination of the driving test, and that Director did not have good cause to find that he was unqualified to retain his driving privileges. At the same time, Pous filed a motion to stay the revocation of his license pending the outcome of his hearing, which was granted by the court until April 2, 1998.

On April 23, 1998, Pous filed a motion to permit him to be re-tested, stating he had taken driving lessons in the interim. On the same date, the trial court entered an order allowing Pous another opportunity to take the driving skills test prior to May 1, 1998. The record is silent as to whether Pous took that test. On May 15, 1998, the trial court entered an order reinstating Pous's driving privileges. In its order, the court found that Director presented no evidence, and stated:

> This court having determined the issues specified in Section 302.291 R.S.Mo., not be in the affirmative; and in accordance with these provisions, hereby orders the Director of Revenue...reinstate the driving privileges and Missouri Driver's License No. 493–34–9827 of the Applicant,

Morris Pous, which were revoked for one year effective March 3, 1998, and, that said revocation be held and adjudged void, null and of no effect.

In her sole point on appeal, Director argues that the trial court set aside the revocation of Pous's driving privilege in error, since Director proved good cause under § 302.291 to require Pous to submit to and pass a driving skills examination. Pous contends that Director did not have good cause because the traffic violations on his driving record occurred over a year apart, and there was no evidence of any traffic accident caused by him which was submitted to the court.

■ In this court-tried case, the judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). A judgment should be set aside as "against the weight of the evidence" with caution, and only where we firmly believe the trial court was wrong. *Spradlin v. City of Fulton,* 982 S.W.2d 255, 265 (Mo. banc 1998).

Section 302.291 sets forth the criteria by which Director may require examination of a motor vehicle operator. It states:

> The director, having good cause to believe that an operator is incompetent or unqualified to retain his license, after giving ten days' notice to such person in writing by registered mail directed to his present known address, may require him to submit to an examination as prescribed by the director.

302.291. The "Driver Condition Report," which contained information submitted by "Judge D. Neal" states: "The following information is submitted for consideration as "Good Cause" for Department action as authorized under sections 302.173 and 302.291 RSMo. Advanced age alone cannot be considered good cause. Positive driver

---

1. All statutory references are to RSMo (1994) unless otherwise noted.

identification is required." The form contains the name and identification of the driver, driver condition (physical and mental) and driver behavior.[2] The report goes on to state:

> The Director, with good cause, can require a person to complete medical, vision, and/or skills testing if there is reason to believe he or she is an unsafe driver. Describe in detail incidents or conditions which brought this driver to your attention. Give specific information such as date, places, accident reports and all other available information to support need for re-examination. You should report only information of which you have personal knowledge. Do not report what you have heard or been told.

In this case, the narrative portion of the form states that "Judge Neal has granted a request by defendant to take the oral examination." It is signed by the same hand "Judge D. Neal." The next line is for notation of "incident observed." Written on that line is the notation "88th Ward Parkway," and under incident date is "7-24-97" with a time of "18:10." On the following line, there is a check mark in the box by the statement "I investigated incident." No other information on the form identifying the writer is completed.

■ The burden of proving good cause exists for the purposes of § 302.291 rests heavily with Director. *Haynes v. Williams*, 522 S.W.2d 623, 627 (Mo.App. E.D.1975). We do not consider any evidence which was not before Director when she made her good cause determination as to whether Pous should be required to submit to the driving examination. *Burditt v. Dir. of Revenue*, 962 S.W.2d 426, 428 (Mo.App. E.D.1998). Director may rely on official reports of the highway patrol *or other officials* when such reports "set forth facts from which a reasonable person could believe [s]he should exercise

the discretion granted to h[er] by § 302.291." *Haynes*, 522 S.W.2d at 627 (emphasis added). Such discretion is vested in Director, not in members of the highway patrol or some other peace officer or person. *Id.* The statute does not contemplate that Director should act when simply advised that someone else believes or 'feels' that good cause exists. *Id.*

■ Whether Director abused her discretion in the case at bar turns on what facts were actually before her to be considered as the basis of 'good cause,' not what could have been presented to her. *Id.* at 627–28. In this case, Director had before her the fact that Pous was eighty-three years old, Pous's driving record which indicated that he had two traffic violations within thirteen months, and the report of Judge Neal that he had caused a traffic accident on July 24, 1997 at 88th and Ward Parkway. Although the identity of Judge D. Neal is not readily apparent from the driver condition report, her identity is a matter of which this court can take judicial notice. *See State v. Weber*, 814 S.W.2d 298, 303 (Mo.App. E.D.1991) (judicial notice may be taken of a fact, not commonly known, but which can be reliably determined by resort to a readily available, accurate and credible source); *Division of Family Serv. v. Davison*, 726 S.W.2d 464, 467 (Mo.App. S.D.1987) (appellate court could take judicial notice of whether a judge was in office). This court takes judicial notice that Deborah A. Neal is presiding judge of the Kansas City Municipal Division of the Sixteenth Judicial Circuit and her jurisdiction includes the site of the traffic accident reported. Since the Department of Revenue would receive records of the dispositions of traffic charges from Judge Neal's court, it is reasonable to believe Director knew the identity of Judge Neal when assessing whether she had good cause to require Pous to submit to a driving skills examination.

---

**2.** Under the heading of "driver behavior" the following categories may be checked: traffic violations, dangerous action, gross lack of at-

tention, caused traffic accident, lack of knowledge of traffic laws, obstructing traffic, and other.

The issue, then, is whether this information which was before Director was sufficient to establish 'good cause' for purposes of § 302.291. Standing alone, the two traffic violations, one year apart, do not constitute 'good cause.' See *Campbell v. Dir. of Revenue*, 953 S.W.2d 184, 186 (Mo. App. W.D.1997). However, along with the two traffic violations, Director considered Pous's age and the report of a judicial officer that he had caused an accident. These facts are such that a reasonable person could believe Director should exercise the discretion granted to her by § 302.291 to require examination of a motor vehicle operator.

The trial court's order is reversed.