Robert F. NAGEL,
Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.

No. ED 85732.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 27, 2005.

Theodore D. Dearing, Dearing & Hartzog, L.C., Clayton, MO, for respondent.

Cheryl Caponegro Nield, Assistant Attorney General, Jefferson City, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

The Director of Revenue (the Director) appeals from a judgment of the trial court reinstating a motorist's driving privileges after the Director suspended them pursuant to section 302.291 RSMo (2000). The trial court found that the Director did not have good cause to believe that the motorist was incompetent or unqualified to retain his license. We affirm.

On April 5, 2004, Robert F. Nagel went to the Missouri Department of Revenue, Drivers License Bureau, in South St. Louis County to renew his drivers license. A Drivers License Bureau clerk, J. Giamarino, filled out a form to be "completed when Department of Revenue personnel observe an obvious physical impairment of an applicant and when appropriate restrictions are not noted on the driver license as provided in Sections 302.173, 302.291, and 302.301, RSMo." The clerk recorded Mr. Nagel's name and identifying information at the top of the form. In the space for describing impairment, the clerk wrote: "Gentleman walks with a cane, and while in office, needed assistance from someone else to walk to counter. Vision was barely passing. A wheelchair was brought in by a family member to take him out of the office." The clerk signed his or her name under the printed statement: "Based on my observation of the above named person and information relayed to me by this individual, I believe he/she should be cited to take a physical and/or a driving test to determine his/her driving ability, or what restrictions, if any, are needed."

On April 29, 2004, the Division of Motor Vehicle and Drivers Licensing (the Division) sent Mr. Nagel a letter that instructed him to obtain a physical examination and have his doctor complete a medical form enclosed with the letter. Mr. Nagel's physician completed the Department of Revenue's Physician's Statement form. He reported that Mr. Nagel's vision with his glasses was 20/20, and that Mr. Nagel had no other physical or mental conditions that would impair his driving. The physician checked the box giving his opinion that Mr. Nagel was capable of operating a motor vehicle safely and responsibly and signed the statement.

On May 19, 2004, the Division requested that Mr. Nagel take a driving skills test, and advised him that his license would be revoked if he did not take and pass this test by June 19, 2004. Mr. Nagel did not take the driving skills test. On July 22, 2004, the Driver and Vehicle Services Bureau advised Mr. Nagel that his license would be revoked on August 23, 2004. It also advised that he had thirty days in which to appeal the decision.

On August 4, 2004, Mr. Nagel filed a petition to review the revocation of his drivers license. After a hearing, the trial court entered a judgment reinstating Mr. Nagel's driving privileges. The Director appeals from this judgment.

■ For her sole point on appeal, the Director contends that the trial court erred in reinstating Mr. Nagel's driving privileges because the Director showed good cause to request an examination in that the reporting clerk made observations

that could suggest physical impairments that could affect safe operation of a motor vehicle.

 We must sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Thomas v. Director of Revenue*, 136 S.W.3d 875, 878 (Mo.App.2004). Section 302.291 RSMo is "quasi-penal," and, therefore, there is a heavy burden on the Director to prove that conditions exist to authorize the suspension of a citizen's driving privileges. *Id.*, citing *Haynes v. Williams*, 522 S.W.2d 623, 627 (Mo.App. 1975).

Section 302.291 provides:

The director, having good cause to believe that an operator is incompetent or unqualified to retain his or her license, after giving ten days' notice in writing by certified mail directed to such person's present known address, may require the person to submit to an examination as prescribed by the director.

\* \* \*

3. The director shall have good cause to believe that an operator is incompetent or unqualified to retain such person's license on the basis of, but not limited to, a report by:

(1) Any certified peace officer;

(2) Any physician, physical therapist or occupational therapist licensed pursuant to chapter 334, RSMo; any chiropractic physician licensed pursuant to chapter 331, RSMo; any registered nurse licensed pursuant to chapter 335, RSMo; any psychologist or social worker licensed pursuant to chapter 337, RSMo; any optometrist licensed pursuant to chapter 336, RSMo; or

(3) Any member of the operator's family within three degrees of consanguinity, or the operator's spouse, who has reached the age of eighteen, except that no person may report the same family member pursuant to this section more than one time during a twelve-month period.

The report must state that the person reasonably and in good faith believes the driver cannot safely operate a motor vehicle and must be based upon personal observation or physical evidence which shall be described in the report, or the report shall be based upon an investigation by a law enforcement officer. The report shall be a written declaration in the form prescribed by the department of revenue and shall contain the name, address, telephone number, and signature of the person making the report.

 " 'Good cause' depends upon the circumstances of the individual case, and a finding of its existence lies largely in the discretion of the officer or court to which the decision is committed." *Thomas*, 136 S.W.3d at 878 (quoting *Wilson v. Morris*, 369 S.W.2d 402, 407 (Mo.1963)). The report must contain facts that "would entitle a reasonable person to have good cause to believe that a person is 'incompetent or unqualified' to operate a motor vehicle safely on the public highways." *Haynes v. Williams*, 522 S.W.2d 623, 627 (Mo.App. 1975). The determination of whether the Director abused her discretion turns on what evidence was available to the Director when she made the good cause determination. *Thomas*, 136 S.W.3d at 878; *Pous v. Director of Revenue*, 998 S.W.2d 129, 132 (Mo.App.1999). The adequacy of the basis for the Director's good cause determination is a question of law. *Thomas*, 136 S.W.3d at 878.

At the time the Director determined that there was good cause to require Mr.

Nagel to submit to a driving skills examination, she had the form on which the clerk recorded his or her observations of Mr. Nagel on April 5, 2004, and the completed physician's report that recorded the doctor's findings on his physical examination of Mr. Nagel and his opinion that Mr. Nagel "was capable of operating a motor vehicle safely and responsibly." The clerk's report merely observed that Mr. Nagel needed assistance walking and had "barely" passed the vision test. Neither of these observations, alone or in combination, would entitle a reasonable person to believe that Mr. Nagel was incompetent to drive. In addition, the clerk's report did not contain a statement as required by section 302.291, that the clerk reasonably and in good faith believed that Mr. Nagel could not safely operate a motor vehicle.[1] Moreover, the signed Physician's Statement specifically indicated that Mr. Nagel's vision was 20/20 as corrected with glasses, that he had no other physical or mental conditions that would impair his driving, and that he was capable of operating a motor vehicle safely and responsibly. In light of this information that was available to her, the Director abused her discretion in requiring Mr. Nagel to take a driving skills test.

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY and BOOKER T. SHAW, JJ., concur.