Lawrence L. PEARSON,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, State of
Missouri, Respondent/Appellant.

No. ED 88625.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 10, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 2007.

Application for Transfer Denied
Oct. 30, 2007.

Thomas E. Bauer, St. Louis, MO, for respondent.

Nicole L. Loethen, Assistant Attorney General, Jefferson City, MO, for appellant.

KATHIANNE KNAUP CRANE,
Judge.

The Director of Revenue (the Director) appeals from a judgment of the trial court

reinstating the driving privileges of petitioner, Lawrence L. Pearson, after the Director suspended them pursuant to sections 302.700 and 302.755 RSMo (Cum. Supp.2006).[1] We reverse and remand.

On February 4, 2002, petitioner was convicted in Illinois of driving while his license was suspended or revoked. In a notice dated December 23, 2005, the Director informed petitioner that his privilege to drive a Class A, B and/or C commercial motor vehicle would be suspended for one year pursuant to sections 302.700 and 302.755 RSMo, because he had received a conviction for driving while his license/privilege was suspended, revoked, cancelled or disqualified.

Petitioner filed a petition for review in the Circuit Court of St. Louis County and requested a stay pending a hearing. On the same day, the court issued a stay order. Petitioner subsequently filed a memorandum in support of a permanent stay order. In the memorandum, petitioner argued that the suspension violated article I, section 13 of the Missouri Constitution because the Director's decision was based upon driving convictions petitioner incurred prior to September, 2005, whereas the amendments to the statutes under which petitioner's license was suspended, sections 302.700, 302.727, and 302.755, did not go into effect until September 30, 2005. The trial court thereafter entered a judgment reinstating petitioner's driving privileges.

On appeal, the Director asserts that the trial court erred in reinstating petitioner's commercial driving privileges. The Director asserts that driving privileges are not a vested or substantial right protected by the constitutional prohibition on retrospective laws and therefore sections 302.700, 302.727 and 302.755 may apply retroactively.

■ We must sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Nagel v. Director of Revenue*, 180 S.W.3d 90, 93 (Mo.App.2005).

■ The Uniform Commercial Driver's License Act, sections 302.700 through 302.782 regulates commercial driver's licenses. This appeal specifically turns on section 302.755.1, which became effective September 30, 2005. It provides:

A person is disqualified from driving a commercial motor vehicle for a period of not less than one year if convicted of a first violation of:

. . . .

(3) Driving a commercial motor vehicle while revoked pursuant to section 302.727.[2]

*Id.* Prior to September 30, 2005, section 302.755 did not disqualify a person from driving a commercial motor vehicle if convicted of a first violation of driving a commercial motor vehicle while revoked. Thus, when petitioner was convicted in 2002 of driving while his license was revoked, the conviction was not a disqualify-

---

1. The relevant amendments to these statutes became effective on September 30, 2005.

2. Section 302.727.1, also effective September 30, 2005, defines the crime of driving a commercial motor vehicle while revoked as set out in section 302.755.1:

A person commits the crime of driving a commercial motor vehicle while revoked if

such person operates a commercial motor vehicle when, as a result of prior violations committed operating a commercial motor vehicle, the driver's commercial driver license is revoked, suspended, or canceled, or the driver is disqualified from operating a commercial motor vehicle.

ing event under this section. The issue is whether the legislature's subsequent amendment of Section 302.755 can be applied retroactively to make that conviction disqualifying.

■ Article I, section 13 of the Missouri Constitution prohibits the enactment of any law "retrospective in its operation." A retrospective law is one that " 'creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past.' " *Doe v. Phillips,* 194 S.W.3d 833, 850 (Mo. banc 2006) (*quoting Squaw Creek Drainage Dist. v. Turney,* 235 Mo. 80, 138 S.W. 12, 16 (1911)); *see also Buchheit v. Director of Revenue,* 856 S.W.2d 349, 350 (Mo.App.1993). A law is not retrospective unless it impairs some existing, vested right. *Barbieri v. Morris,* 315 S.W.2d 711, 715 (Mo.1958); *Gladney v. Sydnor,* 172 Mo. 318, 72 S.W. 554, 556 (1903); *Buchheit,* 856 S.W.2d at 350. "[A] 'vested right' has been defined as 'a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another.' " *Doe,* 194 S.W.3d at 851 (*quoting La–Z–Boy Chair Co. v. Director of Economic Development,* 983 S.W.2d 523, 525 (Mo. banc 1999)).

■ It is well-settled that a driver's license is not a vested right, but merely a privilege. *Barbieri,* 315 S.W.2d at 714–15; *Taylor v. Director of Revenue,* 861 S.W.2d 134, 135 (Mo.App. E.D.1993); *Buchheit,* 856 S.W.2d at 350; *Jones v. Director of Revenue,* 855 S.W.2d 495, 497 (Mo.App. E.D.1993); *Brennecka v. Director of Revenue,* 855 S.W.2d 509, 512 (Mo.App.1993). Since petitioner did not have a vested right in his commercial driving privileges, retroactive application of the 2005 statutory amendments did not take away a vested right.

Petitioner, however, argues that the Missouri Supreme Court recently prohibited retrospective application of a statute to criminal conduct occurring before the statute became effective, citing *Doe,* 194 S.W.3d at 850. In *Doe,* the court considered whether a portion of Missouri's sex offender registration statute violated article I, section 13 to the extent that it operated retrospectively on persons who were convicted or received an SIS prior to its enactment. That statute permitted publication of an offender's name, address, photograph, and the date and nature of the triggering offense. It also imposed new duties on these offenders, requiring them to register and regularly update the registration.

The court, applying the well-established definitions of retrospective laws and vested rights, reached several conclusions. First, it held that the *Doe* plaintiffs had no vested right to be free from further collateral consequences of their prior guilty pleas because they had no vested right in the law remaining unchanged. *Id.* at 852. It next held that the publication of true information about the *Doe* plaintiffs did not affect a past transaction to their substantial detriment by imposing a new obligation, adding a new duty, or attaching a new disability, but merely looked back at antecedent actions. *Id.* However, it held that the statutory obligation to register was impermissibly retroactive because:

> [i]t looks solely at their past conduct and uses that conduct not merely as a basis for future decision-making by the state, *in regard to things such as the issuance of a license,* or as a bar to certain future conduct by the Does, such as voting. Rather, it specifically requires the Does to fulfill a new obligation and imposes a new duty to register and to maintain and update the registration regularly,

based solely on their offenses prior to its enactment.

*Id.* (emphasis added).

In this case, the Director's application of section 302.755 to petitioner does not run afoul of *Doe* because it does not impose any new duty on petitioner. Instead, the retroactive application of section 302.755 merely uses petitioner's past conduct, his 2002 conviction of driving a commercial motor vehicle while revoked, as a basis for future decision-making by the state to determine whether petitioner's commercial driving privileges should be disqualified for one year. *Doe* specifically recognized that this situation does not invoke the prohibition on retrospective laws. *Id.* Accordingly, the trial court erred when it reinstated petitioner's commercial driving privileges.

The judgment of the trial court is reversed and remanded.

ROY L. RICHTER, P.J. and SHERRI B. SULLIVAN, J., concur.