**Edna Martin WILSON, Appellant,**

v.

**M. E. MORRIS, Director of Revenue of Missouri, Respondent.**

No. 49766.

Supreme Court of Missouri,

Division No. 2.

July 8, 1963.

Walter D. McQuie, Jr., Montgomery City,. for appellant.

Thomas F. Eagleton, Atty. Gen., Eugene G. Bushmann, Asst. Atty. Gen., Jefferson City, for respondent.

EAGER, Judge.

This appeal involves the revocation of the driver's license of plaintiff-appellant. Following the revocation plaintiff filed a petition for review in the Circuit Court; to this, counsel for the Director-Respondent filed a motion to dismiss. That motion was sustained, the petition was dismissed and this appeal followed in due course.

The facts, all shown by documentary evidence, are substantially as follows: plaintiff, a woman now 82 years of age and living in Montgomery City, was stopped on Highway 40 in Montgomery County on March 4, 1962, by Trooper D. D. Wilmoth of the Highway Patrol, after he saw her car "weave" across the center line on two occasions; the officer talked with her briefly, and (through his commanding officer) reported these facts to the proper division of the Department of Revenue, stating further that he had received "several complaints" that plaintiff allowed her car to "weave" across the center line, that in his opinion she was not capable of driving on high speed highways, and that she should be cited in for an examination. On March 15, 1962, the Department of Revenue notified plaintiff by letter that it had received complaints "concerning her operation of motor vehicles" and that in compliance with § 302.291 (Cum.Supp.1951) she was thereby notified to appear within thirty days at a "driver examiner station" in her county to take a regular driver's examination. It was further stated in the letter: that she was required to submit satisfactory evidence of her physical competence to drive by procuring and presenting a physician's certificate to be completed on a form enclosed; also, that if prevented by some emergency from appearing within the stated time, she might contact an examiner with regard to an extension of time. The letter concluded with the statement that a failure to appear or to pass the driver's test would "constitute an immediate revocation" of her driving privilege.

Plaintiff does not deny receiving the letter. She consulted counsel, two in fact, and correspondence ensued. In the first letter counsel asked the names of her "accusers" and the charges; in the subsequent correspondence counsel discussed the meaning of "incompetent" as used in § 302.010(10),[1] and whether the Director, in fact, had "good cause" under § 302.291 to believe that plaintiff was not qualified to drive, with specific discussion as to whether or not the unsworn report could afford a reasonable basis for "good cause"; the suggestion was also made that if plaintiff desired she should be afforded a hearing on that point, and counsel stated further: "I feel that Mrs. Wilson is entitled to something in the nature of a hearing, or at the very least, a formal determination by the Director of good cause to believe her unqualified to retain her license based upon some substantial and competent evidence." An extension of time was also suggested; this was granted in a letter of April 2, 1962, in which the Respondent also stated: "We think that this person is physically unable to operate her motor vehicle on the highways of this State particularly when there is heavy traffic. The Trooper who made the report to us not only observed her driving but states that he has received several complaints on her driving. We believe this to be sufficient evidence for us to cite her to take the examination."

Upon plaintiff's failure to appear, either as originally instructed or within the extended period, her license was revoked and she was so notified by letter of June 27, 1962. Her petition for review was duly filed in the Circuit Court. We need not digest it, for plaintiff is confined here to the points made in her brief. Respondent,

1. Unless otherwise stated all statutory references are to RSMo 1959 and V.A.M.S.

appearing by the Prosecuting Attorney (§ 302.311), filed his motion to dismiss alleging: that her petition failed to state a cause of action upon which relief could be granted; that the court had no jurisdiction of the subject matter or the parties; that plaintiff had failed to exhaust her remedies under Chap. 302, and that by her failure to appear and defend against the revocation proceedings, she waived her right of appeal. The Circuit Court stayed the revocation (§ 536.120) pending a determination by it. On September 10, 1962, the court sustained the motion to dismiss, after receiving in evidence a duly certified exhibit incorporating all the applicable documents. The court was of the opinion that § 302.311 provided for an adequate review, but that the issuance of the notice and the revocation of the license had been committed to the discretion of the Director, and that if he thus determined that there was "good cause" to require an examination, his determination would not be overturned on review.

Plaintiff's counsel submits here three grounds of supposed error: (1) that a judicial review of the revocation is guaranteed under the due process clause of the Missouri Constitution; (2) that a judicial review is guaranteed under Art. 5, § 22, Mo. Constitution, V.A.M.S.; (3) that a judicial review is guaranteed by § 302.311. These contentions are based upon the assumption that plaintiff has had no "judicial review."

▉▉▉ We look first to our jurisdiction. Among other grounds plaintiff asserts that we have jurisdiction because a State Officer is a party. The term "state officer as a party," as used in Art. 5, § 3, Mo. Constitution, should ordinarily mean that the state officer is an adversary or contesting party. Thus, by way of illustration of ones not parties, we note the case of In re St. Joseph Lead Company, Mo., 352 S.W.2d 656, 661, where the court said, loc. cit. 661: "In part, the appellant's argument assumes that there is a contest and a conflict of interest between the State

Tax Commission and the county. But in this proceeding the commission acted in its appellate quasi-judicial capacity (Const. Mo. Art. 10, Sec. 14) and the contest is between the St. Joseph Lead Company and St. Francois County." On the other hand, where members of the Unemployment Compensation Commission sue for delinquent contributions, they are held to be within the jurisdictional provision. Trianon Hotel Company v. Keitel, 350 Mo. 1041, 169 S.W.2d 891. There they enforced a right of the state as contesting parties. At the outset here the Director was the administrative officer to whom the determination was committed. But by § 302.311 it is provided that upon appeal "the *cause* shall be heard de novo * * *," that appeals from the circuit court "may be taken *as in civil cases*," and that the prosecuting attorney "shall appear in behalf of the director, and *prosecute or defend*, as the case may require." (Italics ours.) With some misgivings we hold that the director is thus made a contesting party upon the review and thereafter. There is also some merit in the contention that a decision here involves a construction of the due process clause of our Constitution. We accept jurisdiction. The contentions under Art. 5, § 22, though briefed in a separate point, need not be considered, for they were not pleaded in the petition for review, nor does the point appear to have been raised otherwise until plaintiff's brief was filed here. City of St. Louis v. Butler Company, 358 Mo. 1221, 219 S.W.2d 372; State v. Brookshire, Mo., 325 S.W. 2d 497, 500; Ingle v. City of Fulton, Mo., 260 S.W.2d 666.

Section 302.291, under which the Director proceeded here, is as follows: "The director, having good cause to believe that an operator, or chauffeur is incompetent or unqualified to retain his license, after giving ten days' notice to such person in writing by registered mail directed to his present known address, may require him to submit to the examination provided by section 302.173. Upon conclusion of

the examination the director may allow the licensee to retain his license, may suspend or revoke the license of the licensee, or may issue to the examinee a license subject to restrictions as provided in section 302.301. The refusal or neglect of the operator or chauffeur to submit to such examination shall be ground for suspension or revocation of his license by the director, a magistrate or circuit court."

Section 302.311, upon which plaintiff largely relies, provides: "In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo 1949, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard *de novo* and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases. The prosecuting attorney of the county where such appeal is taken, shall appear in behalf of the director, and prosecute or defend, as the case may require."

■ The law governing this review or "appeal" does not come from Chap. 536, RSMo for this clearly is not a "contested" case within the definition of § 536.010(3). And see, State ex rel. Leggett v. Jensen, Banc, Mo., 318 S.W.2d 353. Nor does plaintiff claim that the present petition was filed either under § 536.100 or § 536.-105, or that either Chap. 536 or Civil Rule 100 applies here substantively. The *manner* of taking the appeal or accomplishing the review is as prescribed in § 536.110 et seq., and no objection is made here to the mode of procedure employed. The question for decision is: What type of review or hearing on appeal was plaintiff entitled to? Plaintiff says that at some stage of the proceedings she was entitled to a hearing (meaning, as we take it, an evidentiary hearing on the merits of her ability to drive), either before the administrative agency or in the Circuit Court, and that otherwise she has been deprived of due process, citing Leggett, supra. The basic difficulty with plaintiff's position is that she took no steps to procure or accept a hearing during the administrative phases of the proceeding but fully and finally defaulted, although summoned to appear for examination, and also failed to present a physician's report. Her examination and the certificate of a physician (of her own choice) would have constituted a hearing in a limited sense; and we shall not say that she might not have been entitled to introduce, or at least offer, at that hearing other evidence in support of her competency and ability to drive. In such event her present insistence upon a "trial de novo" or evidentiary hearing in the Circuit Court would be of more substance. In fact, she not only defaulted, when offered the opportunity to appear, but actually refused to obey an order which was at least lawful on its face. The primary purpose of the proceedings before the examining officer was to have plaintiff examined in accordance with § 302.173 by a designated member of the Highway Patrol; other matters, including the physician's certificate, were supplementary. In no event could the Circuit Court on review conduct such an examination, and if the merits were to be tried on review, there would thus be a perversion of the statutory requirements, unless plaintiff then chose (somewhat irregularly) to submit herself to the examination. Plaintiff having elected so to act, we hold that the only issue remaining when the matter reached the Circuit Court was the existence of "*good cause*" for ordering her to appear and take the examination.

■ The State takes the view that since plaintiff refused to appear, the revo-

cation was automatic under § 302.291, and "not from the exercise of any discretionary authority * * *." We do not agree. The statute provides that the refusal or neglect to appear "shall be ground for suspension or revocation," certainly leaving a measure of discretion in the Director. We hold that the Circuit Court here reviewed, and could only properly review the discretionary action of the Director in finding that there was "good cause" under § 302.291 for the order on plaintiff to appear for examination. The entire documentary record was received without objection in the Circuit Court. Such administrative proceedings, where no hearing as such is expressly required by statute, are necessarily informal. We hold that there was a sufficient showing of "good cause" to justify the order of the Director requiring this examination, based as it was upon an official report of the Highway Patrol, actual observation of defective driving, complaints from others, and plaintiff's age. "Good cause" depends upon the circumstances of the individual case, and a finding of its existence lies largely in the discretion of the officer or court to which the decision is committed. Buttinger v. Ely & Walker Dry Goods Co., Mo.App., 42 S.W.2d 982. We find no abuse of discretion here, either by the Director or by the Circuit Court.

■ ■ While the term "de novo" is defined as meaning "anew, afresh, a second time" (Black's Law Dictionary, Fourth Ed.), its substantive application varies with the scope of the issues which have been preserved. We hold that the term, used rather loosely in § 302.311, did not confer here the right to such a hearing in the Circuit Court as plaintiff demands, when she had refused to obey the order requiring her to appear before the administrative officer.

■ The cited case of Levin v. Carpenter, Mo., 332 S.W.2d 862, 79 A.L.R.2d 859, holds that although the issuance of a driver's license is merely a personal privilege it cannot be revoked arbitrarily. We agree, but the plaintiff's license was not so revoked here. To the same effect is City of St. Louis v. Mosier, Mo.App., 223 S.W.2d 117. In the latter case an ordinance provided for the revocation of a driver's license by the appropriate court upon three convictions of careless driving or speeding within a period of twelve months. Upon checking the defendant's records, the license examiner discovered three such convictions and notified the judge who, without any new proceedings, order or judgment, wrote the defendant a letter instructing him to turn in his license. Upon his refusal, an information was filed charging him with the breach of a separate provision of the ordinance, i. e., the refusal or failure to bring in the license. The court held on appeal that the ordinance permitted revocation only by order of the court and that such an order should have been made after a hearing sufficient to show the prior convictions, their dates, and the identity of the licensee in each instance; that otherwise the revocation was arbitrary. The ruling there, based as it was upon the specific ordinance and wholly different facts, has no real application here. That ordinance was held to require a judicial determination, upon evidence, in the first instance.

In Pinzino v. Supervisor of Liquor Control, Mo., 334 S.W.2d 20, the renewal of a beer license was refused without a hearing, upon the Supervisor's records of prior operation and offenses. The statute did not expressly require a hearing, although it did so require upon a revocation. It was held that the matter rested in the discretion of the Director, and that upon review the court needed only determine whether the decision was "authorized by law" (§ 311.700; Art. 5, § 22, Mo. Constitution), or "was arbitrary or capricious, or unreasonable." There, as here, the record without evidence was certified to the Circuit Court, and the court held that it need only be shown that the information upon which the decision was based was

such that the officer could reasonably act thereon. It was contended there that the failure to hold a hearing, either before the Supervisor or on review, was a denial of due process. The court denied that contention, stating that all phases of the liquor business were generally removed from the usual rights, privileges and immunities of citizens, except as expressly authorized by law.

 While in our case, the revocation of the license involves a wholly different situation, we hold that there was no denial of due process for the very simple reason that plaintiff did not avail herself of the opportunity to have an administrative hearing, and thereby preserved no right to a hearing on the merits upon appeal. Due process requires notice and an *opportunity* to be heard. State ex rel. Perrine v. Keirnan, Mo., 237 S.W.2d 156, and cases cited. It does not guarantee a hearing where the opportunity has been refused by the one now complaining.

Finally, plaintiff says that this is no case for the application of the rule of failure to exhaust administrative remedies, because § 302.291 provides that the refusal or neglect to submit to the examination shall be ground for revocation "by the director, a magistrate or circuit court." Further, that where concurrent jurisdiction is given to the courts, no penal action should be taken because of a failure to pursue the administrative remedy. Counsel cites the case of Antoine et al. v. Fletcher, Mo.App., 307 S.W.2d 898, which is wholly inapplicable on its facts. There two wholly different methods were provided for the removal of a school district official; one was by a two-thirds vote of the board "for cause"; the other by action of the Circuit Court on petition, "for misconduct and disqualification." It is obvious that either of said modes might have been employed and the court so held. In our case we are cited to no provision of the statutes setting up a court procedure for revocation on these facts. While we

are frank to say that we do not fully understand the meaning or purpose of the words "a magistrate or circuit court," thus added to § 302.291, we are convinced that they do not constitute or set up an alternative mode of procedure which would permit plaintiff to completely ignore the order to appear before the examining officer.

The judgment is affirmed.

All of the Judges concur.