**Donald E. BROWN, Plaintiff–Respondent**

v.

**DIRECTOR OF REVENUE, State of Missouri, Defendant–Appellant.**

**No. 18325.**

Missouri Court of Appeals, Southern District, Division One.

June 25, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Gary C. Lentz, Spencer, Scott & Dwyer, P.C., Joplin, for plaintiff-respondent.

PARRISH, Chief Judge.

This is an appeal of an order entered by the Circuit Court of Newton County that directed the Director of Revenue (the Director) to reinstate respondent's driving privilege. This court reverses and remands.

The Director received a "Driver Information Report" from an officer of the Neosho, Missouri, Police Department regarding respondent. The report stated that respondent had a crippling disability on the right side of his person; that he had been observed weaving across clearly marked lanes of traffic, driving in and out of driveways, attempting to locate his dwelling. The report stated that when the officer stopped respondent, respondent was "clearly disoriented." Based upon that report, the Director gave notice to respondent that there was reason to believe that respondent had a physical condition that might interfere with his ability to drive. The notice directed:

1. Physical Examination. You must have the enclosed report completed by a licensed physician. The physician must state whether s/he feels you can safely drive.

2. Driving Skills Test. You must present the completed physician's report form to the Missouri State Highway Patrol Driver Examiner when you take your driving test for the classification of driver's license you need.

The notice further advised respondent that "failure to take the examinations requested, or fail[ure of] either or both of the examinations" would result in revocation of his driving privilege for one year.

Respondent did not submit a physician's report or results of a driving test to the Director. The notice to take a physical examination and a driving skills test was dated April 27, 1992. On June 25, 1992, respondent was notified by the Director that his driving privilege was revoked for one year. He was directed to surrender his driver's license.

Respondent sought administrative review of the Director's decision revoking his driver's license.[1] § 302.311, RSMo1986. Following an evidentiary hearing, the trial court entered its order directing the Director to reinstate respondent's driving privilege.

The Director presents one point on appeal. He contends that the trial court erred in ordering reinstatement of respondent's driving privilege "because the revocation was proper, in that respondent failed to submit to a physical examination and a driving examination as directed ..., and it is uncontroverted that [the Director] had good cause to require respondent to submit to said examination."

The Director argues that the only issue the trial court could consider was whether there was good cause for him to have ordered respondent to submit to tests. He bases his argument on *Wilson v. Morris*, 369 S.W.2d 402 (Mo.1963). The facts in *Wilson* are similar to the facts in this case in that a driver was directed to submit to a physical examination and to a driving skills test but failed to do so. The trial court, in *Wilson*, sustained a motion to dismiss the

---

1. Respondent's application for administrative review was filed May 27, 1992, prior to the June 25, 1992, revocation of his driver's license. Section 302.311, RSMo1986, provides for administrative review upon appeal to the appropriate circuit court "at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked." The application for administrative review was ap- parently filed following receipt of the notice that directed respondent to take a physical examination and driving skills test but before revocation of respondent's driver's license. The Director does not raise this issue on appeal nor does the record before this court indicate that it was addressed by the trial court. This court, therefore, does not address its effect, if any, on respondent's right to administrative review.

driver's application for trial de novo because she had not complied with the order that she be examined. On appeal, the supreme court explained that presentation of certificates of the results of examinations and their review, had the driver been examined, would have constituted a hearing. It stated:

> Her examination and the certificate of a physician (of her own choice) would have constituted a hearing in a limited sense; and we shall not say that she might not have been entitled to introduce, or at least offer, at that hearing other evidence in support of her competency and ability to drive. In such event her present insistence upon a "trial de novo" or evidentiary hearing in the Circuit Court would be of more substance. In fact, she not only defaulted, when offered the opportunity to appear, but actually refused to obey an order which was at least lawful on its face.... Plaintiff having elected so to act, we hold that the only issue remaining when the matter reached the Circuit Court was the existence of *"good cause"* for ordering her to appear and take the examination.

*Wilson v. Morris, supra,* at 406.

The record on appeal does not reflect that the trial court addressed the question of whether the director had "good cause" to revoke respondent's driver's license. Respondent was the only witness. He testified about his ability to drive a motor vehicle and that he had been examined by a physician at a time following when the Director ordered respondent to submit a physician's statement. Respondent testified, without objection, that he understood his doctor's opinion to be that he "would be capable of driving with an automatic transmission." Near the end of his testimony, respondent was asked the following question by his attorney and gave the following answer:

> Q. Don, are you asking the Judge here to order the Department of Revenue to reinstate your license as you had before they started this procedure here against you, but keeping in mind that Dr. Olive says that you've got to drive automatic transmission cars?

A. That's right.

The trial court's order is not supported by substantial evidence. It is based on an erroneous application of law. The order is reversed. The case is remanded to the trial court for determination of whether the Director had good cause to require respondent to submit to examinations.

CROW, P.J., and SHRUM, J., concur.