**Russell L. VONDERAHE, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent–Appellant.**

No. 63831.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 26, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 9, 1993.

Application to Transfer Denied
Jan. 25, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent-appellant.

Michael J. McAvoy, McAvoy & Bahn, Fenton, for petitioner-respondent.

CRANDALL, Presiding Judge.

The Director of Revenue (Director) appeals from the judgment of the trial court that ordered Director to reinstate Russell L. Vonderahe's driver's license. We affirm.

On December 7, 1992, Director issued notice to Vonderahe that his driving privileges were revoked because he failed to submit to a physical examination by November 8, 1992, to determine whether he could drive safely. *See* § 302.291, RSMo (Cum.Supp.1992). Vonderahe filed a petition for review in the circuit court. Vonderahe submitted a medical history form completed by his own treating physician, dated December 19, 1992. The form indicated that he suffered from "moderate ataxia" which did not affect his ability to drive. After a hearing, the trial court issued the following order:

> [T]he court finds that based on medical history submitted by [Vonderahe], the Director had no good cause to require [Vonderahe] to retake examination—the Director is ordered to rescind the revocation of 12/7/92 and reinstate [Vonderahe's] license to drive.

Director raises two points of error relative to the judgment rendered by the trial court. When a person fails to submit to an examination as required under § 302.291, the only issue preserved for review by the circuit court is whether Director had "good cause" to require Vonderahe to appear and take the

examination. *Brown v. Director of Revenue,* 856 S.W.2d 101, 103 (Mo.App.S.D.1993).

Although the legal file on appeal contains several documents on which Director relies to establish that he acted with good cause in ordering Vonderahe to submit to physical tests, it is unclear whether these documents were actually before the trial court. The documents in the legal file are unmarked. There is no indication either that they were authenticated as required by the recent decision of the Supreme Court of Missouri in *Hadlock v. Director of Revenue,* 860 S.W.2d 335 (Mo. banc 1993) or that they were presented to the trial court. To insure proper appellate review, it is imperative that Director precisely set out what was before the trial court when it ruled on Vonderahe's petition. It is not the function of this court to sift through material furnished by the parties on appeal to determine the exact nature of the evidentiary material submitted to the trial court. *See Hill v. Air Shields, Inc.,* 721 S.W.2d 112, 116 (Mo.App.1986) (the record was unclear as to what was before the court in a summary judgment proceeding). Unless the record reveals that the documents which the parties purportedly relied upon in the trial court were properly made part of the record, we cannot say that they are before us. *See Id.*

In addition, the briefs allude to a hearing before the trial court. Again, there is no record of a hearing and consequently of what was presented to the court at the hearing. The record on appeal is therefore inadequate, and we are unable to properly review the judgment of the trial court. Given the uncertainty of the record before us, we cannot say that Director has shown that there was good cause to order Vonderahe to submit to physical tests.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.