**Thomas M. ROBERTS, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 71932.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 27, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Ronald J. Brockmeyer, St. Charles, for respondent.

Before CRAHAN, C.J., RICHARD B. TEITELMAN, J., and CHARLES B. BLACKMAR, Senior Judge.

PER CURIAM.

The Director of Revenue (Director) appeals the judgment restoring the license of Thomas Roberts (Licensee) after it had been suspended pursuant to Section 302.505, RSMo 1994. We reverse and remand.

On June 4, 1996, the Department of Revenue suspended Licensee's driver's license, finding probable cause to believe Licensee was driving a motor vehicle while his blood alcohol concentration was .10% or more by weight. Licensee filed a petition for trial de novo in the Circuit Court of St. Charles County on June 17, 1996. The legal file shows that the circuit court issued an "Order and Judgment" on December 16, 1996 stating: "Petitioner's Motion for Trial De Novo is considered and sustained. Director of Revenue is ordered to set aside its order of revocation herein." This appeal ensued.

After filing its appeal, the Director requested the transcript of the proceedings at the Circuit Court. Director was unable to obtain a transcript. A letter from the court reporter indicates that he was unable to find any such recording. Director contends on appeal that this case should, therefore, be remanded to the circuit court because of its failure to properly preserve the record of the proceeding as required by Section 512.180, RSMo 1994. We agree.

It is unclear from the record available what evidence the trial court considered and the basis of its decision. The legal file includes a copy of the Department of Revenue records, certified as business records with an affidavit and filed with the circuit court on July 24, 1996. The legal file also includes another copy of those records with a sticker in the upper left hand corner labeling it as "Respondent's Exhibit A, 9–24–96." A trial was scheduled for September 24, 1996. However, the circuit court issued its order on December 16, 1996. There is nothing to indicate what happened on either date. It is not clear if the Director chose to rely solely on the administrative record or if either party presented additional evidence or requested to present additional evidence.

Licensee contends that Director chose not to introduce any testimony or evidence. However, we cannot determine whether that occurred from the record available. Further, the order signed by the trial court does not set forth the reasons or basis for its opinion reversing the suspension. Under similar circumstances, the Missouri Supreme Court and this court have ordered a remand so that a record can be made and presented on appeal. *Panhorst v. Director of Revenue*, 894 S.W.2d 168, 169 (Mo. banc 1995); *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 342 (Mo. banc 1992); *Kellison v. Director of Revenue*, 908 S.W.2d 192, 193 (Mo.App.1995); *Koehr v. Director of Revenue*, 813 S.W.2d 363, 364 (Mo.App.1991). Therefore, the judgment is reversed and remanded so an adequate record can be prepared.