**Michael BRESNAHAN, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 76839.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 6, 2000.

---

**184**

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Paul J. D'Agrosa, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

The Director of Revenue (Director) appeals the circuit court's judgment reinstating the driving privileges of Michael Bresnahan (Driver) after a trial de novo pursuant to section 302.535, RSMo Cum. Supp.1999. We affirm.

The Director revoked Driver's driving privileges for one year under section 577.041, RSMo Cum.Supp.1999, for his refusal to submit to a breathalyzer test after he was arrested for driving while intoxicated. Driver petitioned the circuit court for a trial de novo. The matter was set for a trial on August 12, 1999. On that same day, Commissioner Mary Greaves entered a recommendation to reinstate the driving privileges of Driver, concluding the arresting officer did not have probable cause to arrest Driver for driving while intoxicated or an alcohol related traffic offense. She specifically found that "[t]here was no admissible evidence presented to prove that Petitioner was operating a motor vehicle." Her recommendations were adopted by the trial court as its judgment. Director now appeals.

On appeal, the Director contends the trial court erred in reinstating Driver's driving privileges, because the trial court misinterpreted the law and its decision was against the weight of the evidence. Director argues that the evidence admitted at trial shows Driver was operating the vehicle and that the officer could properly rely upon an eyewitness's statement in establishing probable cause.

It is unclear to this Court, based on the record before it, what evidence was before the trial court and the basis of its decision. In arguing that the trial court's decision is against the weight of the evidence, the Director states that: "The case was submitted to the trial court on the Department of Revenue's certified records." The Director cites to pages one and 22 of the legal file to support this contention. These pages do not support this assertion. Page one contains the minute entries. The minute entry for the day of trial, August 18, 1999, indicates only that the cause was called and the parties appeared. None of the entries indicate the case was submitted on the Department of Revenue's certified records. Page 22 contains a copy of the judgment entered by the court. Again, the judgment does not support the Director's assertion. Indeed, the judgment indicates that the parties appeared, announced they were ready, evidence was adduced and the case submitted. The judgment does not refer to exactly what evidence was adduced. The Director also asserts in its brief that Driver offered no evidence. We find nothing in the legal file to support this assertion and Director cites to no page in the legal file.

Therefore, we are unable to determine what evidence was before the court, let alone that the court's decision is against the weight of the evidence. The Director refers to records contained in the legal file as the evidence submitted at trial. However, these records are not certified at all, either under section 302.312, RSMo Cum. Supp.1999, or section 490.692, RSMo 1994. Moreover, there is nothing in the record to

indicate this was the evidence considered by the trial court. The Director does not allege the court failed to properly preserve the record as required by section 512.180, RSMo 1994, and does not request a remand. *See, Roberts v. Director of Revenue,* 959 S.W.2d 949 (Mo.App. E.D.1998). Without some indication of the evidence before the court, either by way of court entry or memorandum to the court, we are unable to conclude the trial court's decision is against the weight of the evidence. *See, Vonderahe v. Director of Revenue,* 867 S.W.2d 594, 595 (Mo.App. E.D.1993). Point denied.

The judgment is affirmed.

MARY K. HOFF, J., and SHERRI B. SULLIVAN, J., concur.