Mark Madden, : 
            Petitioner : 
            : 
       v. : 
            : 
Public School Employees' : 
Retirement Board, :    No. 28 C.D. 2020
            Respondent :    Argued: September 15, 2020

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY
JUDGE COVEY                        FILED: October 15, 2020

Mark Madden (Claimant) petitions this Court for review of the Public School Employees' Retirement Board's (Board) December 12, 2019 order granting the Public School Employees' Retirement System's (PSERS) Motion to Dismiss with Prejudice. Claimant presents two issues for this Court's review: (1) whether the Board abused its discretion by dismissing Claimant's appeals; and (2) whether the Board violated Claimant's constitutional rights by failing to provide adequate notice that the request for continuance had been denied. After review, we reverse and remand.

On July 18, 2017, Claimant filed an appeal from a PSERS' decision denying his application to reapply for renewal of disability benefits. Thereafter, PSERS filed its Answer to Claimant's appeal. By May 2, 2018 letter, the Board appointed Christopher K. McNally (Hearing Examiner McNally) as the hearing officer for Claimant's administrative hearing. *See* Reproduced Record (R.R.) at 13a-14a. By May 2, 2018 letter, the Board's Appeal Docket Clerk (Docket Clerk) notified Claimant that the administrative hearing on his appeal was scheduled for August 16, 2018, in

Harrisburg, Pennsylvania. *See* Supplemental Reproduced Record (S.R.R.) at 126a.[1] By June 27, 2018 order, Hearing Examiner McNally granted PSERS' request and scheduled a telephonic prehearing conference for July 10, 2018, and required the parties to file prehearing statements by July 6, 2018. *See* S.R.R. at 132a-133a. PSERS filed its prehearing statement on July 6, 2018. On July 9, 2018, at 4:35p.m., Claimant filed his prehearing statement pro se, *see* S.R.R. at 140a-141a, and requested that the prehearing conference be rescheduled for July 17, 2018. *See* S.R.R. at 140a. On July 10, 2018, Hearing Examiner McNally initiated the prehearing conference, but Claimant failed to attend.

At the parties' mutual request, by July 17, 2018 order, Hearing Examiner McNally rescheduled the hearing for August 15, 2018. *See* S.R.R. at 144a. By July 31, 2018 order, Hearing Examiner McNally rescheduled the prehearing conference for August 8, 2018, and directed the parties to file amended prehearing statements by August 6, 2018, to address Claimant's burden of proof and whether he could sustain that burden without expert testimony. *See* S.R.R. at 146a. PSERS filed its amended prehearing statement on August l, 2018. Claimant did not file an amended prehearing statement.

On August 13, 2018, Claimant requested a continuance of the August 15, 2018 hearing. By August 14, 2018 order, Hearing Examiner McNally granted Claimant's continuance request and directed that, by October 12, 2018, an attorney must enter an appearance on Claimant's behalf and propose dates in December or January when Claimant, counsel and necessary witnesses would be available for a hearing. *See* R.R. at 19a. Hearing Examiner McNally further directed that if Claimant

---

[1] Pennsylvania Rule of Appellate Procedure 2173 (Rule) states, in pertinent part: "[A]ny supplemental reproduced record shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed . . . by a small b, thus 1b, 2b, 3b, etc." In the present matter, the Supplemental Reproduced Record does not follow the Rule. Instead, it follows the numbering scheme for a reproduced record. The opinion cites the Supplemental Reproduced Record as it is labeled therein.

was unable to retain counsel by October 12, 2018, Hearing Examiner McNally would reschedule the hearing and no further continuances would be granted. *See id.* No attorney entered an appearance on Claimant's behalf. On October 1, 2018, the Board appointed Thomas A. Blackburn (Hearing Examiner Blackburn) to preside over the hearing. *See* S.R.R. at 156a-157a.

On September 21, 2018, Claimant filed an appeal challenging PSERS' determination that Claimant could not change his retirement options because his request was untimely. *See* R.R. at 21a-23a. On October 5, 2018, PSERS filed an answer to this appeal. By October 26, 2018 order, the Board consolidated the two matters for hearing. *See* R.R. at 33a-35a. On November 16, 2018, the Board appointed Hearing Examiner Blackburn to hear the consolidated matters. *See* R.R. at 36a-37a. By November 16, 2018 letter, the Docket Clerk notified Claimant that the hearing on his consolidated appeals was scheduled for March 5, 2019, in Harrisburg, Pennsylvania. *See* R.R. at 38a-41a. The notice instructed that any continuance request must be made in writing and filed with the Docket Clerk, copies must be provided to the hearing examiner and PSERS' counsel and, if the hearing examiner denies the continuance request and Claimant does not appear at the hearing, upon a motion, the hearing examiner could recommend to the Board that the appeal be dismissed with prejudice. *See id.*

On February 26, 2019, Claimant's counsel (Counsel) faxed Hearing Examiner Blackburn a letter of appearance and a continuance request stating that he had just been engaged to represent Claimant and required a continuance because he would not be available on March 5, 2019, because he would be caring for his wife after her February 27, 2019 hip replacement surgery, and he needed time to investigate and prepare for the hearing. *See* R.R. at 43a-44a. On February 26, 2019, PSERS opposed the continuance request. By February 27, 2019 order, Hearing Examiner Blackburn denied the continuance request, finding that Claimant had been given more than ample

opportunity to timely retain counsel and prepare for the hearing. *See* R.R. at 50a-52a. Hearing Examiner Blackburn expressly noted that, in August 2018, Claimant was directed to retain counsel and provide available dates for a hearing by October 2018, but did not do so; and, in November 2018, Claimant was given almost four months' advance notice of the hearing date and waited until almost the last week to take any action. *See id*.

On March 1, 2019, Claimant faxed Hearing Examiner Blackburn a request to reconsider the denial of his continuance request. *See* R.R. at 53a-54a. Therein, Claimant described his efforts from September through October and into November to find a lawyer, and then located and retained Counsel who requested the continuance on February 26, 2019. *See id*. In addition, Claimant communicated that Counsel, unfortunately, was not available for the March 5, 2019 hearing date. *See id*. Claimant also advised Hearing Examiner Blackburn that he is the caretaker for his elderly mother whose open-heart surgery, scheduled for March 13, 2019, at the Cleveland Clinic, Heart and Vascular Institute (Cleveland Clinic), was changed to March 5, 2019, due to "emergent circumstances, i.e., severe valve leakage and trouble breathing." R.R. at 54a. Claimant's request was neither filed with the Docket Clerk nor served on PSERS' counsel, although Hearing Examiner Blackburn forwarded it to both. On March 4, 2019, PSERS opposed Claimant's reconsideration request. *See* R.R. at 55a-56a.

By March 4, 2019 order, Hearing Examiner Blackburn denied Claimant's reconsideration request because Claimant had not explained his efforts to obtain legal representation in November or December 2018, or in January or early February 2019, or otherwise explain why he was unable to retain Counsel sooner than one week before the hearing.[2] *See* R.R. at 58a. Hearing Examiner Blackburn's denial was also based

---

[2] This Court notes that the denial of Claimant's continuance reconsideration request was mailed to Counsel on the day of the hearing; therefore, Claimant was not aware that his request had been denied.

on Claimant's failure to assert his mother's medical condition when he made his continuance request, and because Claimant did not provide any documentation of the urgent nature of the rescheduling. *See id.*

Hearing Examiner Blackburn held the hearing as scheduled on March 5, 2019. Claimant did not attend the hearing, nor did Counsel on his behalf. PSERS presented the testimony of the Docket Clerk to establish that Claimant had not contacted her that day or the prior day or week. PSERS moved to dismiss the appeals based upon Claimant's failure to appear. PSERS did not ask to file a brief. Claimant did not subsequently file a request to reopen the record or make any other filing. In the absence of briefs, Hearing Examiner Blackburn closed the record on March 13, 2019, with the filing of the hearing transcript. On March 29, 2019, Hearing Examiner Blackburn recommended to the Board that Claimant's appeals be dismissed with prejudice. On April 25, 2019, Counsel filed Claimant's Exceptions to Hearing Examiner Blackburn's recommendation. On May 13, 2019, PSERS filed a brief in opposition to Claimant's exceptions. On December 6, 2019, the Board dismissed Claimant's appeals without prejudice. Claimant appealed to this Court.[3]

Claimant first argues that the Board abused its discretion by dismissing his appeals. Specifically, Claimant contends that he had good cause to miss the March 5, 2019 hearing because he cares for his elderly mother whose open-heart surgery was unexpectedly rescheduled to March 5, 2019, due to her failing health, and because

---

[3]

> This Court's scope of review involves determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Hopkins v. Pub*[.] *Sch*[.] *Emp*[*s.'*] *Ret*[.] [*Bd.*], 674 A.2d 1197, 1198 n. 1 (Pa. Cmwlth. 1996). The [] Board's legal conclusions are subject to the plenary review of this Court. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*Baillie v. Pub. Sch. Emps.' Ret. Bd.*, 993 A.2d 944, 948 n.3 (Pa. Cmwlth. 2010).

Counsel was unable to attend because of an unexpected hospitalization.[4]  Further, Claimant asserts that rescheduling the hearing would not have prejudiced PSERS' case.[5]

Initially, Section 201.8(a) of the Board's Regulations provides: "Whenever a claimant fails to appear, either in person or through counsel, for a scheduled hearing **without good cause**, the hearing examiner will issue a recommendation to dismiss the case, without considering the merits of the claim."  22 Pa. Code § 201.8(a) (emphasis added).

The Board's Regulations do not define good cause.  However, this Court has explained:

> Although the term 'good cause[]' has not been interpreted within the context of [] [Section 201.8(a) of the Board's Regulations], courts of this Commonwealth have defined the term with regard to its placement in other statutes and rules of procedure.  In *Trexler v. Unemployment Compensation Board of Review*, . . . 365 A.2d 1341, 1344 ([Pa. Cmwlth.] 1976), we stated that 'good cause' as used in Section 402(a) of the Unemployment Compensation [(UC)] Law[6] 'being undefined in the [UC Law], is a flexible term and therefore not amenable to general rules or rigid formulas.'  We reasoned that 'its meaning must be deduc[ed] from the facts of each case in a manner that is consistent with the [UC Law's] fundamental purpose. . . . "  *Id.*  Similarly, the Superior Court, in *State Farm Insurance Companies v. Swantner*, . . . 594 A.2d 316, 320 ([Pa. Super.] 1991), was confronted with the term 'good cause shown' in the context

---

[4] Claimant stated in his Exceptions that unforeseen by Counsel, Counsel was hospitalized in Pinnacle Hospital "on the evening of February 27, 2019[,] where he remained hospitalized until Monday afternoon March 3, 2019[,] and remained hampered for several days thereafter."  R.R. at 77a.

[5] PSERS' counsel admitted at the hearing that PSERS would not be prejudiced by the continuance.  Specifically, Hearing Examiner Blackburn asked: "Is there any concern about losing evidence if it's not presented timely?"  R.R. at 70a.  PSERS' counsel responded: "The evidence I was more concerned about losing is [C]laimant's cross-examination.  **Our evidence isn't growing more** [sic] **stale.  What I was concerned about was** [C]**laimant's**."  *Id.* (emphasis added).

[6] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(a).

of requiring a plaintiff to submit to a medical examination under Section 1796(a) of the Motor Vehicle Financial Responsibility Law.[7] The Superior Court held that **'good cause shown' is a factual-based inquiry** and noted that

> [w]e sometimes become enamored with tests, steps and guidelines to the point where they interfere with the judicial function.
>
> Looking to the definition of 'good cause shown,' Black's Law Dictionary, 5th Edition, defines it as 'substantial reason, one that affords a legal excuse[. L]egally sufficient ground or reason. [**P**]**hrase 'good cause' depends upon circumstances of individual case**, and *finding of its existence lies largely in discretion of officer or court to which decision is committed. Wilson v. Morris*, . . . 369 S.W.2d 402, 407 [(Mo. 1963)].'

*Id.* (quoting *Black's Law Dictionary* (5th ed. 1979)) (emphasis in original). More recently, in *Smith v. Borough of Morrisville* (Pa. Cmwlth., No. 550 C.D. 2015, filed October 23, 2015),[8] slip op. at 6, . . . this Court utilized the same definition of 'good cause' used by the Superior Court above when interpreting the term in the context of a court of common pleas' decision to reinstate an appeal pursuant to Rule 1006 of the Pennsylvania Rules of Civil Procedure for Magisterial District Judges, Pa. R.C.P.M.D.J. 1006. There, we stated, 'the determination of whether good cause has been demonstrated is trusted to the trial court's sound discretion.' *Smith*, slip op. at 7 (quoting *Anderson v. Centennial Homes, Inc.*, . . . 594 A.2d 737, 739 ([Pa. Super.] 1991)); *see also Uhl v. C.H. Shoemaker & Son, Inc.*, . . . 637 A.2d 1358, 1360 ([Pa. Super.] 1994) (holding that, in the context of establishing good cause to have the mental or physical condition of a party be independently examined under Pennsylvania Rule of Civil Procedure [No.] 4010(a), '[w]hether good cause exists is a determination within the discretion of the trial court') (citing *John M. v. Paula T.*, . . . 571 A.2d 1380, 1383 ([Pa.] 1990)).

---

[7] 75 Pa.C.S. § 1796(a).

[8] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

*In re Consol. Reports & Return by the Tax Claims Bureau of Northumberland Cty. of Props.*, 132 A.3d 637, 649 (Pa. Cmwlth. 2016) (footnotes omitted). Accordingly, "[c]onsistent with case law, **we focus our inquiry on whether the [Board] abused its discretion by granting [PSERS' Motion to Dismiss] and by considering the facts of this case** in light of the fundamental purposes of the [Board's Regulations]."[9] *Id.* (emphasis added).

Here, in the February 26, 2019 continuance request, Counsel stated he "ha[d] just been engaged" and was unavailable because "[his] wife [wa]s scheduled for hip replacement surgery [the following] morning, . . . [a]nd in all candor, . . . [he needed] sufficient time to investigate and prepare for the hearing." R.R. at 43a. This Court recognizes that, in response to a continuance request Claimant faxed at 3:04 p.m. on August 13, 2018, to reschedule the August 15, 2018 hearing so that he could retain counsel, Hearing Examiner McNally ordered:

> On or before October 12, 2018, an attorney must enter an appearance on behalf of Claimant and propose, in writing, six or more hearing dates in December 2018 and January 2019 when Claimant, his counsel and any necessary witnesses will be available to attend and participate in a hearing. . . . The Hearing Examiner will select a date on which all parties are available.
>
> If Claimant is unable to retain entry of appearance by counsel by October 12, 2018, the Hearing Examiner will re-schedule the hearing. No further continuances will be granted.

R.R. at 19a.

However, Claimant contends that, because the above-referenced matter was consolidated with a later-filed appeal and a new hearing examiner was appointed,

---

[9] "An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Lomas v. Kravitz*, 170 A.3d 380, 389 (Pa. 2017) (quoting *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006)).

the August 14, 2018 order no longer applied. Given that Claimant was acting pro se at that time, it is understandable that he would believe the clock started again upon the consolidation of his two appeals. Notwithstanding, Claimant stated in his continuance reconsideration request:

> **I wanted to be represented by an attorney at my hearing** and I wanted to take this opportunity to describe the measures I have taken to become represented in time for this hearing, as follows:
>
> - On July 12, 2018[,] PSERS' attorneys requested a continuance on [sic] August 16, 2018. They cancelled more times than this for various reasons.
>
> - At that time I talked to **Hearing Examiner [] McNally** personally and he **convinced me that I needed an attorney for this matter** even though this would be a burden financially. He informed me that this would be too complicated to handle myself. [**Hearing Examiner**] **McNally said to start with your [l]ocal County Bar Association**.
>
> - **I contacted the Mercer County Bar Association** in September. They [sic] informed me that they [sic] didn't know of an attorney off hand that could help me with this. They [sic] would get back to me. After a couple of weeks and several phone calls back and forth to them [sic], **Mercer County [Bar Association] couldn't recommend a person experienced in PSERS matters**.
>
> - **I called Wallace and Dibble attorneys** in Greenville, PA in or about mid-September. **Mr. Dibble said he didn't have experience in matters similar to this and referred me to the Eckard Law Firm** in Hermitage[,] PA.
>
> - **I talked to their [sic] office manager** in October. He said their firm could probably help me or at least refer me to someone else. The office manager went on vacation then for a week. **A week after that and after more phone calls, he got one of their [sic] attorneys to talk with me**.

9

- **This attorney said he** [sic] **take the case and work through it with me but he didn't really have any experience in cases like this and the price would be significantly higher** because of travel and possible stay[s] in Harrisburg[,] PA. I looked elsewhere again because of inexperience and a price which this attorney said could exceed $10,000.00. **I couldn't afford this**.

- I decided to search outside my local area in far northwestern PA by necessity.

- **I called Dauphin County Bar Association** in October, and **they** [sic] **said they** [sic] **would get back to me, but didn't**.

- **I was also researching other profiles of attorneys and their practices including the Pond and Lehockey Group**[,] which seemed like a very large national group or chain.

- **I researched the Quinn, Busck and To[o]hey** group in Erie[,] PA but they [sic] seemed to do mainly harassment cases.

- September through October and into November I searched for an attorney I thought would be well suited for me and my situation.

- **I located Elliott Strokoff and retained him** [o]n February 26. Unfortunately, **he was not available on the day scheduled**.

. . . .

As set out above, my inability to proceed on March 5, 2019 was not for my lack of attention to the matters at hand. I wish to exercise my right to counsel at this hearing. He is not available. . . .

R.R. at 53a-54a (text emphasis added). This Court cannot overlook Claimant's efforts and difficulties in finding an attorney who specialized in public employee retirement matters. Given the lengths he went through to find Counsel, Claimant most certainly

10

could not have retained substitute counsel when his attorney was not available to appear at the March 5, 2019 hearing.[10]

In addition, with respect to Counsel's hospitalization, that unexpected circumstance was completely out of Claimant's and his attorney's control. Moreover, because it was unexpected, it was impossible to give the Board advance notice thereof. Finally, Claimant raised his mother's surgery in his pro se request for reconsideration of the denial of his February 26, 2019 continuance request. Claimant stated therein:

> In addition to the efforts I have undertaken to be represented, I am the caretaker of **my elderly mother**. She **is scheduled to have open**[-]**heart surgery at The Cleveland Clinic on March 5**[th], the same day as the hearing. The operation was supposed to be March 13[th], but **it was moved up to March 5**[th] **due to emergent circumstances**, i.e., **severe valve leakage and trouble breathing**. **I must take her to the hospital, stay with her, and transport her home** when discharged. She will need some care at home then and won't be able to drive or make important decisions for at least 2 weeks.

R.R. at 54a (emphasis added). In his Exceptions, Claimant included a letter dated March 5, 2019, from the Cleveland Clinic Intensive Care Unit Registered Nurse Coordinator, on Cleveland Clinic letterhead, verifying that Claimant's mother had "vascular surgery" on March 5, 2019, and Claimant was "[t]here during this time." R.R. at 89a.

---

[10] This Court notes the importance of extending professional courtesies between lawyers, as they are a valued cornerstone to the legal profession.

> The ethical considerations accompanying the practice of law require at least a modicum of 'good faith, mutual respect and courtesy normally expected in the legal community.' *Jung v. St. Paul's Parish*, . . . 560 A.2d 1356, 1359 ([Pa.] 1989). Without the rudimentary amount of courtesy or accession to reasonable requests, the legal profession is demeaned and its procedures reduced to a 'vulgar scramble.' *Silverman v. Polis*, . . . 326 A.2d [452,] 454-55 [(Pa. Super. 1974)].

*Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206, 1212 (Pa. Super. 1993).

11

Significantly, the November 16, 2018 letter advising Claimant that the hearing was scheduled for March 5, 2019, expressly provided: "If you do not appear at the hearing on the date and time scheduled **without good cause**, the Hearing Examiner, upon motion, will recommend to the Board that your appeal be dismissed with prejudice." R.R. at 39a (emphasis added). Thus, the Board communicated to Claimant that, if he had good cause for not appearing at the scheduled hearing, Hearing Examiner Blackburn would not recommend dismissal of his appeals. Notwithstanding, Hearing Examiner Blackburn recommended that Claimant's appeals be dismissed with prejudice.

The Board stated in its decision that "[t]he issue before this Board, again, is whether [Hearing Examiner Blackburn] properly concluded that Claimant failed to meet his burden to prove that his *failure to appear* at the March 5, 2019 hearing was for good cause. This Board concludes that [] Hearing Examiner [Blackburn] correctly recommended dismissing Claimant's appeals." Board Decision at 2. The Board's conclusion is without support because the Board's statement that neither "Claimant nor [Counsel] explained [his] absence to [Hearing Examiner Blackburn]" is contrary to the record evidence. Board Decision at 2.

Claimant had explained to Hearing Examiner Blackburn that, on the day of the hearing, he needed to be with his elderly mother at the Cleveland Clinic for open-heart surgery because his mother's surgeon had moved up the date of the surgery due to emergent circumstances. Counsel also made Hearing Examiner Blackburn aware that he would be caring for his wife who was scheduled for hip replacement surgery six days before the hearing.

Considering the facts of this case, this Court cannot conclude that it was unreasonable for Claimant to believe that Counsel's unavailability, coupled with the emergent change to his mother's open-heart surgery, was good cause not to attend the hearing. "'Good cause' is established when a claimant's actions are justified or

12

reasonable under the circumstances." *Klampfer v. Unemployment Comp. Bd. of Review*, 182 A.3d 495, 502 (Pa. Cmwlth. 2018). Consequently, because it was "manifestly unreasonable" for the Board to grant PSERS' Motion to Dismiss Claimant's appeals with prejudice, we hold that the Board abused its discretion in doing so. *Lomas v. Kravitz*, 170 A.3d 380, 389 (Pa. 2017) (quoting *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006)). Accordingly, the Board's order is reversed.[11]

For all of the above reasons, the Board's order is reversed, and the matter is remanded to the Board for a hearing on the merits of Claimant's appeals.

_____
ANNE E. COVEY, Judge

---

[11] Claimant also argues that the Board violated his constitutional rights by failing to provide adequate notice that his continuance request had been denied. PSERS rejoins that this issue is waived because Claimant did not raise it before the Board.

Section 35.213 of the General Rules of Administrative Practice and Procedure instructs, in relevant part: "Objections to any part of a proposed report which is not the subject of exceptions may not thereafter be raised before the agency head in oral argument, or in an application for agency rehearing or reconsideration, and shall be deemed to have been waived." 1 Pa. Code § 35.213. Here, Claimant's Exceptions did not contain an objection to the timing of the continuance request denial. "Thus, because Claimant chose not to pursue this issue at the appropriate time, [he] is now precluded from raising it for the first time on appeal." *Hairston-Brown v. Pub. Sch. Emps.' Ret. Bd.*, 78 A.3d 720, 731 (Pa. Cmwlth. 2013).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Madden,                                          :
                        Petitioner                :
                                                    :
                     v.                                          :
                                                      :
Public School Employees'                    :
Retirement Board,                              :    No. 28 C.D. 2020
                        Respondent              :

## O R D E R

AND NOW, this 15th day of October, 2020, the Public School Employees' Retirement Board's (Board) December 12, 2019 order is REVERSED, and the matter is REMANDED to the Board for a hearing on the merits.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge